DOBBS *v.* STATE.

(In Banc. Oct. 14, 1946.)

[27 So. (2d) 551. No. 36195.]

**Jackson & Young** and **Joe H. Daniel**, all of Jackson, for appellant.

S. D. Redmond, of Jackson, for appellant.

600

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

Argued orally by **Joe H. Daniel**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.,** delivered the opinion of the Court on the motion.

Appellant was convicted of murder and death sentence was imposed. He files motion for certiorari suggesting diminution of the record. No motion for new trial was made before adjournment of the term. Later, such motion was presented, but is not part of the record on appeal.

The motion for certiorari prays that this Court order the motion for new trial sent up and incorporated into the appeal record. Regardless of the serious points urged as a basis for the motion, we are without authority to consider same under this procedure. It is not shown that the trial judge acted thereon, and it is not therefore proper subject for an assignment of error. However, the motion was filed too late for consideration by either the trial judge or this Court.

The motion must be denied, but without prejudice to rights, if any, appellant may have to proceed otherwise. Pittman v. State, 147 Miss. 593, 113 So. 348.

Overruled.

**Alexander, J.,** delivered the opinion of the Court on the merits.

Appellant was convicted of murder, the judgment carrying the death penalty. The testimony shows with am-

ple corroboration that appellant stabbed deceased with a knife twice in the chest and once in the back. No provocation is shown, and while a motive is not disclosed the intent to kill is now beyond question. Self-defense was not pleaded or shown. The evidence and the credibility of witnesses were for the jury.

In recognition of the solemn and serious consequences of our judgment, we are minded to take notice here of the assigned errors, although we do not find them sufficient to displace the judgment of the trial court.

The second instruction for the State was in the exact language of our statutory definition of murder. Code 1942, Sec. 2215. That this states an abstract legal definition is not error. It was here appropriate, and the State thereby measured its own obligation under the charge upon which it sought to convict. Brown v. State, 173 Miss. 542, 543, 158 So. 339, 161 So. 465.

The third instruction for the State set forth the allowable verdicts upon conviction of murder and their respective implications. It did not preclude conviction for manslaughter for it was prefaced with a proviso that conviction be ''as charged in the indictment.''

The fifth instruction for the State was as follows: ''The Court instructs the jury that in order to justify a homicide on the plea of self defense there must be something shown in the conduct of the deceased indicating a present intention to kill or to do some great personal injury to the slayer, and imminent danger of such intention being accomplished; and mere fears or belief are insufficient. The danger must be such as to lead a person reasonably to believe that the killing was necessary to prevent the deceased from killing him or doing some great bodily harm.''

The objection that the quoted instruction shifts the burden of proof to the defendant is not well-taken. The State's burden is to make out affirmatively its prima facie case beyond all reasonable doubt. Of course, it must maintain this degree of proof against defenses asserted

606

by the defendant, but it is the defendant's concern and duty to go forward in the establishment of his defenses. The instruction goes no further than recognition of such duty. It does not undertake to measure the degree to which defensive proof must rise. His own instructions make it clear that he need do no more than infect the State's case with reasonable doubt. But, procedurally, this is his burden, once a prima facie case of guilt has been established. The instruction thus defining self-defense has heretofore been approved in Holmes v. State, 199 Miss. 137, 24 So. (2d) 90.

Appellant was represented by two able members of the bar. Intimations of inadequacy amounting to denial of due process are not justified as inferable from a failure of counsel to file motion for a new trial. Our view that the evidence justifies the verdict means that all errors thereby assignable are available to appellant by his appeal. Nor can we consider assertions of fact set forth in counsel's brief as material for such a motion since none was filed.

Affirmed.

Friday, March 28, 1947, fixed as the date of execution.