NATIONAL CAS. CO., et al. *v.* CALHOUN.

Nov. 23, 1953

No. 38954          44 Adv. S. 43          67 So. 2d 908

*Hannah, Simrall & Aultman*, Hattiesburg, for appellant.

*Wm. V. Murry,* Hattiesburg, for appellee.

LEE, J.

This was a suit in the County Court of Forrest County by Robert L. Calhoun, Administrator of the Estate of Ezekiel Adams, Deceased, against National Casualty Company to recover the proceeds of an insurance policy in the sum of $1,000 on the life of the decedent. The case was tried on Saturday, January 6, 1951, the last day of the regular December 1950 term of said court. The jury found a verdict for the defendant, and a judgment thereon was duly entered.

No motion for a new trial was filed by the plaintiff prior to the adjournment of the term. However the following order relative to the case appeared on the minutes of that day, to-wit: "It is hereby ordered that the above styled case be and it is hereby continued to the next regular term of this court, that is, the January 1951 term, for such action as the parties hereto or the court may take."

The regular January 1951 term of the court convened on the Second Monday and 8th day of January 1951. On January 10th following, the plaintiff filed a motion for a new trial. The same was heard by the court on January 13th, and sustained, the court holding that plaintiff's requested peremptory instruction should have been granted. Hence the verdict of the jury and the judgment thereon were set aside and judgment for the plaintiff was entered. The defendant brought the record to the circuit court by certiorari and the judgment for the plaintiff was affirmed. The insurance company appealed.

The sole question for decision is whether or not the county court had jurisdiction to hear and sustain, at a term subsequent to that during which an original judgment was entered, a motion for a new trial and a contrary judgment, when no motion for that purpose had been filed prior to the adjournment of the court which awarded the original judgment.

██ █ A judge may, on his own motion, order a new trial as long as he has jurisdiction, "at any time during the term at which the verdict or judgment was rendered, but not thereafter." 66 C. J. S., New Trial, Section 115, p. 330.

Besides, ██ █ "It is essential that the court have jurisdiction in order to grant a new trial to the same extent as when the original judgment was entered, and, if jurisdiction of the parties or the subject matter has been lost after the entry of the original judgment, an order granting a new trial is void." 66 C. J. S., New Trial, Section 118, p. 334.

Of like effect is the rule set out in 39 Am. Jur., New Trial, Section 182, pp. 184-5, to-wit: "The general rule is that a motion or application for a new trial must be filed with and considered by the trial court during the term at which the judgment complained of was entered. In the absence of a statute, an application for a new trial may not be entertained or granted by the trial court at a time subsequent to the expiration of that term of court. Thereafter, the judgment is deemed to have conferred a vested right which can be divested only by a direct proceeding and for sufficient legal cause in some one of the modes known to the law. Nor may the court reconsider its order after the term has expired."

██ █ There is no reason why the rule in criminal cases should be harsher than in civil cases. In the former, the necessity for filing a motion for a new trial, prior to the adjournment of the court, is imperative, if any relief is to be obtained thereby. See Pittman v. State, 147 Miss. 593, 113 So. 348, where it was said: "When the term of court was finally adjourned, the appellant's right to file a motion for a new trial ended, and any action of the trial judge in reference to such a motion, which was filed after the adjournment of the term, was

of no effect, and is not properly a part of this record.''
See also Dobbs v. State, 200 Miss. 595, 27 So. 2d 551.

Manifestly the judge was without power, on his own motion, to continue to a succeeding term a cause in which a final judgment had already been entered.

Consequently, the action of the county court in setting aside the original judgment and entering judgment for the appellee was a nullity.

It follows then that this cause must be, and is, reversed, and a judgment will be entered here reinstating the original judgment of the county court in favor of appellant, in response to the verdict of the jury.

Reversed and judgment here.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Lotterhos, JJ.,* concur.