## McDowell *v.* State

No. 43221          November 16, 1964          168 So. 2d 658

*Jack H. Young,* Jackson; *Jack Greenberg, Derrick A. Bell,* New York City, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

The appellant, Cleve McDowell, assigns as error that the court below erred (1) in closing the six-day circuit term after one day, and (2) in denying appellant's timely motion to reinstate his appeal. We are of the opinion the circuit judge was not in error, and the appeal to this Court should be dismissed.

Appellant was arrested on September 23, 1963 on the campus of the University of Mississippi, Lafayette County, and charged with violating Mississippi Code Annotated section 2085 (1956), carrying a concealed weapon. On September 28, 1963 he was convicted in the Justice of Peace Court, First District of Lafayette County, and fined $100 and costs. It was appealed to the Circuit Court of Lafayette County, to be tried at the next term. The bond so states.

The terms of the Third Circuit Court District of Mississippi, which includes Lafayette County, are designated under Mississippi Code Annotated section 1397 (1956) and amendments. It is in part: "The court terms in the third circuit court district shall be as follows: . . . Lafayette: On the second Monday of March, six days, on the second Monday of September, six days; . . . ."

The record reveals the following: "In the Circuit Court of Lafayette County, March Term, 1964 BE IT REMEMBERED that on the Second Monday of March 1964 the Regular Term of the Circuit Court of Lafayette County, Mississippi, convened in the county courthouse in the City of Oxford, on Monday, March 9, 1964, at nine o'clock a.m., and . . . the Court was duly opened according to law and the following proceedings were had, to-wit: . . . ."

The record reveals that sixty-two names were drawn from the jury box under provisions of the Code, the jury for the first week of the regular March 1964 term of the circuit court. The record reveals that they had a grand jury, and the grand jury returned into open

court eight true bills of indictment. The record further reveals the copies of the affidavit against the appellant, the warrant for his arrest, the order of his conviction before the justice of the peace, and his bond of appeal, all appealed according to law.

The bond of appeal showed he was convicted on September 28, 1963 for carrying a concealed weapon, under Mississippi Code Annotated section 2085 (1956), that he was found guilty and sentenced to pay $100. This conviction and sentence were appealed to the next term of the circuit court, there to remain from day to day and term to term until discharged by law from the charge.

In dismissing the appeal the record shows the following order of the circuit court:

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI MARCH TERM, 1964 THE STATE OF MISSISSIPPI

VS.                                          No. 9013

CLEVE MCDOWELL,

This case was called in open court on the charge of carrying a concealed weapon and the State announced ready for trial. The defendant being called thrice in open court answered not to prosecute his appeal.

It is, therefore, the judgment of the court that defendant's appeal should be dismissed with a Writ of Procedendo to the lower court from whence it came and the Justice of the Peace who tried the case is ordered to issue a capias profinem for the defendant and collect the fine and all costs.

ORDERED AND ADJUDGED THIS THE 10th day of March, 1964.

/s/  Walter M. O'Barr
     CIRCUIT JUDGE

MINUTE BOOK K AT PAGE 280

It is to be remembered that this was the second day of the March 1964 term.

The record reveals that after three full days of work the court was adjourned, and the following order was issued:

It appearing unto the satisfaction of the court that all matters of business to come before the Regular March, 1964 Term of the Circuit Court of Lafayette County, Mississippi, now having concluded, the court is ordered adjourned until court in course.

/s/ Walter M. O'Barr
CIRCUIT JUDGE

The brief and the record show the court was adjourned on the third day, March 11, 1964.

On the next day, March 12, 1964, the appellant filed a motion to reinstate the appeal, giving as his reason "that the attorney for the defendant, Cleve McDowell, had gotten the date of the Court Terms confused, thinking that the Circuit Court of Lafayette County met in April instead of in March, . . . ." On the same day, March 12, the circuit judge entered an order dismissing the motion to reinstate the appeal.

It is to be noted that the motion to reinstate the appeal and the order overruling it were filed and entered after the adjournment of the March term of the circuit court.

Section 1394, Mississippi Code Annotated (1956) requires a circuit court to continue for the full term set out in the several statutes fixing terms of court *if the business shall require.*

The learned circuit judge, in his order of adjournment, stated: "It appearing unto the satisfaction of the court that all matters of business to come before the regular March 1964 term of the Circuit Court of Lafayette County, Mississippi now having been concluded, the court is ordered adjourned until court in course."

We are of the opinion that the regular term of the circuit court was held in Lafayette County according to law.

The appellant's case had been fully and finally disposed of at the term of court concluded on March 11.

■■ ■ We are of the opinion that since the motion to reinstate the appeal and the order thereon were both filed after expiration of the term of court, neither the circuit court nor the Supreme Court has jurisdiction.

In Pittman v. State, 147 Miss. 593, 600, 113 So. 348, 351 (1927), the court said: ''When the term of court was finally adjourned, the appellant's right to file a motion for a new trial ended, and any action of the trial judge in reference to such a motion, which was filed after the adjournment of the term, was of no effect, and is not properly a part of this record.'' *Accord*, National Cas. Co. v. Calhoun, 219 Miss. 9, 67 So. 2d 908 (1953); Dobbs v. State, 200 Miss. 595, 27 So. 2d 551 (1946); *cf.* Thornhill v. State, 240 Miss. 131, 126 So. 2d 527 (1961). See also Murphy v. State, 223 Miss. 290; 78 So. 2d 342 (1955).

Since the motion to reinstate the appeal and the court's order overruling the same were filed and entered after adjournment of the regular term of court, the trial judge was without jurisdiction. Therefore, this court is also without jurisdiction, and the appeal is dismissed.

Appealed dismissed.

*Lee, C. J., and Rodgers, Jones and Brady, JJ.*, concur.