255 So.2d 923 (1971)
Mrs. Nealie McNEELEY
v.
W.E. BLAIN, d/b/a W.E. Blain Construction Company, Johnny Noverise and Flora Mae Crook.
No. 46457.
Supreme Court of Mississippi.
December 13, 1971.
Rehearing Denied January 10, 1972.
*924 Bernard W.N. Chill, Jackson, for appellant.
Lipscomb, Barksdale, Steen & Caraway, Cox & Dunn, Ltd., Jackson, for appellees.
RODGERS, Presiding Justice:
This is a personal injury suit growing out of a collision of an automobile passenger car and a large LeTourneau earth scraper. The automobile was being operated by Mrs. Flora Mae Crook at the time of the collision. Mrs. Nealie McNeeley was a passenger in the automobile and was injured when the automobile collided with the scraper operated by Johnny Noverise on a bridge on U.S. Highway 84 south of Brookhaven, Mississippi. Suit was filed by Mrs. McNeeley against Mrs. Crook, Mr. Johnny Noverise, W.E. Blain Construction Company, W.E. Blain and owners of the company and employers of Noverise.
After the case had progressed to trial and one witness had testified, the claim against Mrs. Crook was adjusted and settled for fifteen hundred dollars ($1,500.00). The trial judge announced to the jury that the claim against Mrs. Crook had been settled. The remaining defendants made a motion requesting a change of venue to the Circuit Court of Covington County, Mississippi. This motion was overruled and the trial judge granted an instruction to the jury advising them that the claim against Mrs. Crook had been settled for $1,500.00 among other things. The jury, after having heard the testimony and considered the instructions of the Court, returned a verdict in favor of the defendants.
We have examined the evidence and since it is apparent that the evidence raised a jury issue of facts, the verdict of the jury and judgment of the trial court must be affirmed unless there is some reversible error in the trial procedure.
The appellant contends that, although she settled her claim against Mrs. Cook and took a nonsuit, she should not be held to the settlement and announcement of settlement, because it is said that:
"After the expiration of the term, counsel for the defendant, Crook, then filed a motion to dismiss with prejudice, which motion was heard at a subsequent term, and an order was entered sustaining the motion. The appellant ... now contends, that such action by the Circuit Court was a nullity."
Also, appellant contends that this Court should reverse the order of the trial court and render a judgment against Mrs. Crook as to liability.
We agree that the order entered by the trial court at a subsequent term of court after the order had been entered permitting the plaintiff to take a nonsuit without prejudice was a nullity.
Section 1538, Mississippi Code 1942 Annotated (1956) is in the following language:
"Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict."
The plaintiff exercised his right to take a nonsuit without prejudice, and entered an order to that effect. When this order was entered (in the absence of mistake or fraud) the trial court lost jurisdiction of the suit against Mrs. Flora Mae Crook and the parties were returned to the same position as if that action had never been brought. Wells v. Bullock, 192 Miss. 347, 5 So.2d 686 (1942).
Mrs. Crook contends, however, that since the trial court announced to the jury that the plaintiff and Mrs. Crook had settled their suit, that the appellant is estopped to pursue any further claim against Mrs. Crook. This contention is not the issue here. The issue now before this Court is whether or not a new and different order can be entered at a subsequent term of court.
*925 Section 1670, Mississippi Code 1942 Annotated (1956) permits the trial court to correct a mistake or error in an order after the term of court has terminated. City of Starkville v. Thompson, 243 So.2d 54 (Miss. 1971). Unless it is apparent to the trial court upon the face of the record that an error or mistake has been made, it is nessary to offer proof of the mistake, error, or fraud. The general rule is that in the absence of the applicability of a statutory or constitutional provision to the contrary, a court loses control of its judgments at the end of the term. McDaniel Bros. Cons. Co., Inc. v. Jordy, 254 Miss. 839, 183 So.2d 501 (1966); National Cas. Co. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953); Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945); Evans v. King-Peoples Auto Co., 135 Miss. 194, 99 So. 758 (1924); Adams v. Evans, 19 So. 834 (Miss. 1896); 49 C.J.S. Judgments § 238, 451 (1947) and 30A Am.Jur. Judgments, § 648, 617 (1958).
This does not mean, however, that a nunc pro tunc judgment cannot be entered where the original judgment was not properly entered at the regular term of court; (Oliphant et al. v. Carthage Bank, 224 Miss. 386, 80 So.2d 63 (1955); Gray v. Thomas, 12 Miss. 111 (1849)) unless, of course, the statute requires the order to be entered during the regular term of court. McDaniel Bros. Cons. Co. v. Jordy, supra.
We hold, therefore, that the appellant was not estopped to object to a new order at the next term of court changing the original order of nonsuit without prejudice to an order of dismissal with prejudice. The judgment of the trial court in this respect is hereby reversed so as to reinstate the original order of nonsuit without prejudice.
The appellant contends that the trial court committed reversible error in excluding the testimony of the witness Don McNeeley, the son of the plaintiff. He was offered to show that the injuries sustained by the plaintiff aggravated plaintiff's hoarseness of voice or speech impediment which had existed before the accident.
The witness testified about his opportunity to observe his mother and stated she had difficulty with her speech before the accident. He was then asked a question and gave the following answer:
"Q. And in relation to her complaints arising out of this accident are there any observations that you personally made?
A. I did notice that the speech had gotten, was impaired more it seemed afterwards, after the accident, and the physical complaints such as, well, having back trouble and jaw trouble, it seemed that kinda slowed her speed down some."
The defendants moved to strike this evidence and their motion was sustained by the trial court.
The first part of this testimony was an observation not an opinion and was admissible in evidence. The second part, though unclear, is apparently also an observation and should not have been excluded from the consideration of the jury.
The rule on this subject may be found in 32 C.J.S. Evidence § 546(23) (1964) and 31 Am.Jur.2d  Expert and Opinion Evidence § 96, 617 (1967). In general terms it may be said that an ordinary lay observer who has had a reasonable opportunity to see and observe the person involved may testify about his observation of the physical condition and appearance of the person in question, as to his being in apparent pain, or tired, feeble, weak, pale, crippled, conscious or unconscious; that his face was red or drawn or other like physical features when such evidence is pertinent to the issue involved.
We have been careful to follow this rule for many years. See the cases cited in Dennis v. Prisock, 221 So.2d 706 (Miss. *926 1969); Columbian Mutual Life Ins. Co. v. Gunn, 173 Miss. 897, 163 So. 454 (1935). The federal court in this jurisdiction has also adopted this rule. See Davis v. Hynde, 4 F.2d 656 (1925). The exclusion of this testimony was an error.
The appellant contends that the trial court erred in refusing to grant one instruction for the appellant and in granting two instructions for the defendants. An examination of the two instructions granted to the defendants reveals that the trial court granted a peremptory instruction in favor of appellees as to the alleged negligence of the plaintiff in the following words:
Instruction No. 4: The Court instructs the jury for the defendants, W.E. Blain, W.W. Blain, John Brewer, Norman Stevens, Jr., and Johnny Noverise, that on the occasion in question the speed limit at the bridge was 25 miles per hour, and that Flora Mae Crook was driving in excess of 25 miles per hour. The Court instructs you that this was negligence, and if you believe that such negligence was the sole proximate cause of the collision, you must return a verdict in favor of Blain, Blain, Brewer, Stevens and Noverise."
The plaintiff testified that she did not see the highway sign mentioned in the instruction and the pictures of the scene of the accident do not show such a sign on the highway at the place where it was alleged to have been located. We think that it was for the jury to determine whether or not there was such a sign. The instruction should be modified upon retrial. In determining whether or not a peremptory instruction should have been granted this Court must view the evidence in the light most favorable to the party against whom the peremptory instruction was granted, together with all inferences that could have been drawn therefrom by the jury. Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924 (1965).
The appellee's Instruction No. 10 was as follows:
"Instruction No. 10: The Court instructs the jury for the defendants, W.E. Blain, W.W. Blain, John Brewer, Norman Stevens, Jr., and Johnny Noverise, that on the occasion in question Noverise had a right to be on the highway and bridge, and because of the two way traffic, Noverise had a right to be in the righthand or north lane of traffic, and to make a left turn where he did."
This instruction is contrary to Section 8192, Mississippi Code 1942 Annotated (1956) wherein it is determined by the Legislature, in part, that:
"(a) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.
"(b) A signal of intention to turn right or left shall be given continuously for a reasonable distance before turning."
Whether or not the defendant driver of the scraper had a right to turn the road machinery at the place where he turned at the time he turned, depended on whether or not he obeyed the law permitting him to turn, and this is a question for the jury under proper instructions. See Jeffreys v. Clark, 251 Miss. 129, 168 So.2d 662 (1964).
We are of the opinion that the foregoing errors are of such gravity as to require a reversal of this case. The judgment of the trial court is, therefore, hereby reversed and a new trial granted to the appellant to accord with this opinion.
Reversed and remanded.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.