SMITH, Justice:
Johnny C. Sanders was convicted in the Justice of the Peace Court of the offense of possessing untaxed whiskey and appealed to the Circuit Court of Lee County. When his case was called in that court, with others, on the first day of the May, 1971 term, Sanders was not present; thereupon, his appeal, and the appeals of other appellants who had failed to answer, were dismissed by the circuit court and writs of procedendo were issued. In due course, the May 1971 term was concluded and adjourned. The next regular term of the circuit court convened and was held in August, 1971. It also was concluded and adjourned. Thereafter, on September 27, 1971, an attorney, acting for Sanders, filed in the Lee County Circuit Court an un-sworn motion to reinstate Sanders’ appeal and have the case heard on its merits. The circuit court overruled this motion and it is from that action that Sanders has now appealed here. The State has moved to dismiss the appeal for want of jurisdiction.
The only facts available to us at this time are the recitals of Sanders’ motion to reinstate. This motion recites that Sanders had no attorney at the time of the dismissal of his circuit court appeal, although it is not alleged in the motion that he was without means to employ one. However, the present appeal is in forma pauperis. The motion also fails to state that Sanders has a meritorious defense or that he is not guilty of the offense charged.
The State’s motion to dismiss is based upon McDowell v. State, 251 Miss. 156, 168 So.2d 658 (1964). In McDowell, supra, in dismissing an attempted appeal from a circuit court order overruling a motion to reinstate an appeal to that court, the motion having been filed after adjournment of the term, this Court said:
We are of the opinion that since the motion to reinstate the appeal and the order thereon were both filed after expiration of the term of court, neither the circuit court nor the Supreme Court has jurisdiction. (Id. at 161, 168 So.2d at 660).
The present case is controlled by McDowell, supra, and the trial court acted correctly in dismissing the motion for want of jurisdiction. If this is a proper case for relief under the facts and circumstances, Sanders’ remedy is to proceed by petition *118 for writ of error coram nobis wherein such facts and circumstances may be established by proof. The motion to dismiss the appeal will be sustained.
Appeal dismissed.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.