350 So.2d 1353 (1977)
Kathryn MARTIN
v.
Dr. William ARMSTRONG.
No. 49670.
Supreme Court of Mississippi.
October 26, 1977.
Rehearing Denied November 16, 1977.
David B. Clark, Pearl, William E. McLellan, III, Abe A. Rotwein, Jackson, for appellant.
McLaurin, Nicols & Kelly, John C. McLaurin, Brandon, Baine, Moore, Simmons & Thompson, Louis G. Baine, Jr., Clifford C. Thompson, Jackson, Gerald, Brand, Watters, Cox & Hemleben, Jackson, Jack W. Brand, Jackson and Newton, for appellee.
Before INZER, ROBERTSON and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal is from the Circuit Court of Rankin County. Appellant was plaintiff below. The cause has heretofore been before this Court in Cause No. 48,720. After appeal by appellant from an order of the lower court setting aside a default judgment for appellant, the court dismissed the appeal until a final disposition of the cause was made by the lower court. The subsequent trial resulted in a jury verdict for defendant, appellee here. Appellant again appeals, first assigning as error the action of the circuit judge in sustaining appellee's motion to set aside the default judgment. Also appellant makes certain other assignments of error in the trial of the cause, but we do not reach those assignments of error as the first assignment disposes of the cause.
Appellant filed her declaration on August 9, 1974, alleging that the defendant, on September 11, 1973, negligently performed a cataract extraction operation on the right eye of plaintiff; that because of defendant's actions, the plaintiff sustained the loss of her eye and certain other damages.
The defendant was served with summons of the circuit court on August 13, 1974, returnable to the August term of the Circuit *1354 Court of Rankin County that convened on August 19, 1974. No pleadings of any kind were filed by defendant. On August 20, the circuit court entered an "interlocutory default judgment" and ordered a writ of inquiry. On August 26, the lower court heard evidence from a board-certified ophthalmologist and other witnesses. The undisputed testimony was that the lens of appellant's right eye was allowed to slip back into the vitreous area of the eye and was not recovered, and there was a vitreous loss and other damage to the eye. The testimony was undisputed that the plaintiff had sustained permanent blindness of the right eye, a cosmetic disfigurement because of other damage to the eye, and the possible removal of the entire ball of the eye. Much testimony was introduced as to permanent physical, mental and emotional difficulty sustained by the plaintiff.
On August 28, 1974, the lower court heard further evidence on the writ of inquiry, including life expectancy, expenses, both present and future, all of which amounted to a considerable sum. The evidence was clear that plaintiff had sustained a severe and disabling permanent injury.
On August 30, 1974, the last day of the August term of court, the circuit judge entered a "final judgment" in the sum of $68,000. The term ended and the court minutes of the term were signed that same day.
On September 5, 1974, appellee filed a motion to set aside the interlocutory default and final judgments. He alleged in his motion that on or about July 25, 1974, he was notified by plaintiff's attorney of the claim. He alleged that prior to July 30, 1974, a claims representative of defendant's liability insurance carrier discussed the claim with plaintiff's attorney. He alleged that on August 1, 1974, plaintiff's attorney advised the claims representative by letter of a demand of settlement of the claim. Appellee further alleged that on August 6, 1974, the insurer's claims representative conferred with plaintiff's attorney and that at that meeting plaintiff's attorney delivered to the claims representative a copy of the declaration he had prepared to file. The motion admitted that plaintiff's attorney advised that he could not wait to file the suit until further contact with the insurance carrier.
After service of summons on appellee, he immediately delivered the summons to his insurance carrier whose representative had been discussing the claim with appellant's attorneys. The motion further alleged that the insurance company's claims representative contacted an attorney on August 26, 1974. No pleadings of any kind were filed in the cause and neither the court nor plaintiff's attorneys were contacted. The motion did allege that on August 29, 1974, a letter was postmarked to one of plaintiff's attorneys regarding a request for additional time to plead. The proof is undisputed that this letter did not reach plaintiff's attorneys until after the two hearings on the writ of inquiry and the default judgment was entered on the last day of the term.
The court held a hearing on appellee's motion to set aside the default judgment on September 20, 1974, in the courtroom in Madison County, Mississippi. On that day the court heard evidence regarding the allegations set out in the motion to set aside the judgment. There was testimony from the insurance company's claims representative and the attorney in line with the allegations of the motion. After receiving this evidence the Court entered the following order:

ORDER SETTING ASIDE INTERLOCUTORY DEFAULT AND FINAL JUDGMENT
This matter came on to be heard on September 20, 1974 on motion of defendant Dr. William Armstrong to set aside and vacate the interlocutory default and final judgment previously entered herein and the Court having heard the testimony in open court and being fully advised of the facts surrounding said judgment and the Court having fully considered the briefs filed herein and the authorities therein cited, and being fully apprised in the premises, is of the opinion that the said *1355 motion is well taken and should be sustained for the following reasons: [Emphasis added]
In the August 1974 term of this Court when the Interlocutory Default Judgment was rendered and the Final Judgment was rendered the plaintiff in this case was, according to information furnished the court, ill and in the hospital and was unable to appear in court. There was introduced into evidence a picture of the plaintiff prior to her eye operation and a picture introduced into evidence after her eye operation showing her eye and side of her face to be drawn considerable. The Court at the hearing held in Canton, Mississippi, on September 20, 1974, had opportunity to observe the plaintiff and observe her eye and the condition of her face and it is the Court's opinion that the photograph showed her face to be drawn more than it appeared to be drawn when the Court viewed the plaintiff in person. The Court, for this reason, since the Court heard the Writ of Inquiry and assessed the damages, is of the opinion that it committed error in the amount of damages and a reasonable doubt exists as to whether or not to vacate said judgment and this reasonable doubt should be resolved in favor of a trial on the merits.
The Court does not say that fraud was committed.
It is for these reasons that the Court has sustained the motion to set aside the Interlocutory Default Judgment entered herein on August 20, 1974, and Final Judgment entered herein on August 30, 1974.
It is further ordered and adjudged that the defendant be and he is hereby allowed five (5) days in which to file his responsive pleadings herein.
ORDERED AND ADJUDGED on this 24th day of October, 1974.
 /s/ RUFUS H. BROOME
 Circuit Judge
Appellant asked for and received a bill of exceptions in which it was stated by the court to one of appellee's attorneys that "I want the order to reflect that there was no fraud." The court further ordered the appellee to pay all costs arising out of the default judgment obtained by the plaintiff. The court overruled appellant's motion for reconsideration. As hereinbefore stated, appellant then appealed to this Court and the appeal was dismissed pending a final disposition of the cause in the lower court.
This Court has no choice in the decision of this case. The law as announced by the previous cases is clear, after the conclusion of the August, 1974, term of the circuit court of Rankin County and the minutes signed, the lower court lost jurisdiction of the cause unless it could be set aside for specific reasons heretofore set out by this Court. We discuss and reaffirm the principal cases decisive of this point.
In Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945), the declaration was filed on October 27, 1943, and process duly served upon the defendant on the same day, returnable to the term of court that convened on November 1, 1943. Defendant's counsel appeared in person before the court but filed no pleadings of any kind. There was no contention of an agreement between attorneys. This Court stated:
No motion was made by counsel for appellant for time within which to plead, and the court entered no order granting the appellant time within which to plead, and no pleas were filed by appellant on the return day or any other day during the term.
Judgement by default was taken against appellant on November 19, 1943, which was next to the last day of the term, and which was during the period of the court allotted to the criminal docket. Appellee's counsel in their briefs state that they delayed taking default judgment until that day in anticipation that if the appellant wished to contest the case, he would employ counsel and file some sort of pleading to the declaration sued on. However, as stated, supra, no motion, plea or demurrer was filed. No request was made for time, and there was no agreement for time, and no grant by the *1356 court of time to plead. So that on the date above mentioned appellee was granted judgment by default in accordance with the declaration. No motion was made during the November term to set aside the judgment thus rendered.
.....
At the May term of Court 1944, the court overruled the motion to set aside the default judgment, and an appeal was taken from the judgment of the court.
.....
Complaint is made that the taking of this default judgment under the circumstances was in effect legal fraud on the appellant since he was not given any notice that it would be taken and his counsel was not present in court. However, counsel for appellee are exonerated completely by counsel for appellant from any imputation of deceit or misconduct or overreaching appellant or his counsel. We do not think that appellant was legally entitled to any further notice as to the progress of the trial when the service of process summoned him to appear at the term of court and defend the suit, and that the charge of legal fraud is not well taken or justified. It is not shown that counsel for appellant was in any measure misled by any act or attitude of counsel for appellee, or that there was any promise or understanding, express or implied, that counsel for appellee would not invoke their right to take a default judgment upon failure of appellant, as defendant below, to plead at the time and in the manner required by the law.
.....
The right to a trial is substantial, but we think the court by its action did not deprive appellant of his right to a trial. This right was forfeited, so to speak, by appellant upon his failure to file any kind of plea or motion for time, or receiving a grant of time from the court, or reaching an agreement with appellee for an extension of time in which to plead. The rules governing these matters are all for the convenience of the courts, and the facility and expedition of its business, and for the government of litigants in the ordinary processes of the court in its administration of business and adjudication.
It is true that the judgment here complained of was by default, but it is also true that a judgment by default, where personal jurisdiction of a defendant has been obtained, is as conclusive either as an estoppel or bar as a judgment in a contested case. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff... .
Where the court has jurisdiction of the subject matter and the parties and renders judgment at a term of court, it is without power to set aside such judgment after the term of court has elapsed ...
Having reached this conclusion, it is not necessary to discuss any other issues of the case argued in the briefs. We think the court was right in refusing to set aside the judgment, and while we recognize that the rule is a hard one, nevertheless it is justified by reason, experience and law. Therefore, the case will be affirmed.
In Overstreet v. Liberty Mutual Insurance Co., 263 So.2d 528 (Miss. 1972), the Court reaffirmed Strain, supra, and said:
Appellant, Roy A. Overstreet, has appealed from a judgment of the circuit court to this Court and contends that the circuit court had no authority to set aside a default judgment, rendered at a regular term of court, after the court had adjourned, where no fraud was shown to have entered into the procurement of the judgment. This is undoubtedly the law in this state and we have so held from the early history of Mississippi. Hyde Construction Company v. Highway Materials Company, 248 Miss. 564, 159 So.2d 170, [162 So.2d 856] (1963); George v. Standard Oil Company of Kentucky, 239 Miss. 712, 124 So.2d 858 (1960); National Casualty Company et al. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953); Strain v. Gayden, 197 Miss. 353, 20 So.2d 697 (1945).
*1357 In Alexander v. Killebrew, 321 So.2d 488 (Miss. 1975), this Court, speaking through Justice Broom, reaffirmed the holding in the above cited cases. Plaintiff's [Killebrew] original declaration was filed on September 26, 1973. Process was personally served on the defendant Alexander on September 26, returnable to the following Monday, october 1, the first day of the court term. Default judgment in Killebrew's favor in the sum of $2,380.86, plus court costs, was entered on October 23, 1973, and the term adjourned on October 26, 1973. The Court said:
Killebrew's argument that the court erred in vacating the original default judgment entered against Alexander for $2,380.86 on October 23, 1973, is well founded.
Regarding finality of judgments, Mississippi Code Annotated section 11-7-171 (1972) provides: "... judgment shall be entered therefor and be final, if not set aside during the term... ." The appearance of a defendant upon whom a circuit court summons is served must be made in that court at the return term if the process "be executed five days before the return-day thereof." Miss. Code Ann. § 13-3-11 (1972).
Here the requirement of section 13-3-11 was met. The requisite five days' service was accomplished according to time computation formula provided by Mississippi Code Annotated section 1-3-67 (1972), which states: "... the day of serving the process .. . shall be excluded and the day of appearance included... ." In Strain v. Gayden, 197 Miss. 353, 360, 20 So.2d 697, 698 (1945), we held that process served on Wednesday, October 27, 1943, returnable to Monday, November 1, 1943, the first day of the court term, was "five days" process and that a judgment thereon was not "void or even erroneous."
It follows that the default judgment originally entered on October 23, 1973, was legally entered and became a valid final judgment when the term adjourned three days later. The general rule is that (except in cases involving fraud, or an absolutely void judgment) a motion to vacate a judgment filed after a term of court adjourns is beyond the jurisdiction of the court. Robb v. Ward, 266 So.2d 133 (Miss. 1972). A court loses control of its judgments when the term ends unless there are special circumstances not present in this case. McNeeley v. Blain, 255 So.2d 923 (Miss. 1971); Evers v. Truly, For Use and Benefit of Town of Fayette, Mississippi, 317 So.2d 414 (Miss. 1975), held that when a final judgment is entered and court is adjourned, "the court no longer had jurisdiction of the subject matter of this cause." The court further stated in Evers: "After the court adjourned any error in the procedure in arriving at the final judgment could only be corrected by an appeal." In Willard v. Hill, 317 So.2d 435 (Miss. 1975), this Court upheld a motion (overruled by the trial court) to set aside a default judgment, but there the motion had been filed during the term in which the default judgment had been entered.
We therefore hold that it was error for the trial court to put appellee Killebrew to trial (the second time) on the note which was subject of the original default judgment  a valid and final judgment from which no appeal was taken. Accordingly, we do not reach the question as to whether or not the trial court erred (after vacating the default judgment) in refusing to allow Alexander to introduce evidence that he did not execute the promissory note.
The above principles again were plainly set out by this Court in Western Chain Company v. Brownlee, 317 So.2d 418 (Miss. 1975).
Appellee advances the theory that this Court should find that appellant and her attorneys were guilty of "legal or constructive fraud." There is absolutely no evidence that would warrant such a finding. In the first place, the opinion of the circuit judge in his order setting aside the default judgment clearly stated that his only reason was that from observing the plaintiff in the courtroom in Canton on September 20, several *1358 weeks after the three hearings on the writ of inquiry, he was of the opinion that he gave too high an award. According to the above discussed cases, he lost jurisdiction of this issue when he lost jurisdiction of the cause. Furthermore, the lower court found as a fact in its order that "the court does not say that fraud was committed." A review of the entire case clearly shows that no fraud was committed, either actual or constructive. The representative of the insurance company admitted being delivered a copy of the declaration. He admitted receiving the summons immediately after appellee was served. He admitted discussing the claim with appellant's attorneys and admitted discussing it with his own attorney several days prior to the end of the court term. Appellant's attorneys secured the interlocutory default judgment on August 20. They could have, at the convenience of the court, presented the writ of inquiry at the same time. This was not done, however, until August 26, 28 and 30. The lower court clearly was correct in holding that there was no fraud committed.
We realize that decisions such as this sometimes cause hardships and sometimes appear not to be entirely equitable. However, this is clearly offset by the opinion of this Court, through Justice L.A. Smith, Sr., in Strain, supra, where the Court said that "these rules are necessary for the administration of the business of the Court and we recognize that the rule is a hard one, nevertheless it is justified by reason, experience and law." The Court cannot operate without statutes and rules necessary to be followed by the parties and their representatives.
The cause, therefore, is reversed and rendered, with judgment here for the appellant against appellee in the sum of $68,000, with legal interest from August 30, 1974.
REVERSED, RENDERED AND JUDGMENT HERE.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.