BARNES, J.,
for the Court.
¶ 1. The Municipal Court of the City of Aberdeen convicted Donald Raspberry of three charges: driving under the influence (first offense), violation of an “open container” ordinance, and careless driving. Raspberry appealed his three convictions to the Circuit Court of Monroe County. That court dismissed and remanded his cases to the municipal court for enforcement of the sentence because Raspberry failed to appear in circuit court on the designated date. Raspberry filed a motion to restore his cases to the active docket of the Circuit Court of Monroe County. The motion was denied for lack of jurisdiction. Raspberry now appeals to this Court. We dismiss his appeal for lack of jurisdiction as well.
*1212 SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In March 2005, Raspberry was arrested and charged by an Aberdeen city policeman with driving under the influence (DUI) of an intoxicating substance, an open container violation, and careless driving. On September 14, 2005, the municipal court found Raspberry guilty of all three charges. Raspberry timely filed notices of appeal for the three charges in the Circuit Court of Monroe County on October 7, 2005. On this day Raspberry also signed three appearance bonds (one for each charge), with each bond stating “the said Donald Raspberry shall be and appear at the Circuit Court of Monroe County on the 7th day of November, 2005 9:00 A.M. and there remain ... until discharged .... ” According to the circuit clerk, Raspberry received copies of these appearance bonds. Three days later, on October 10, 2005, the circuit clerk issued three notifications of appeal scheduling the cases for hearing on November 7, 2005. The circuit clerk testified these notices were mailed to Raspberry’s attorney, per standard court procedure, and were never returned as undelivered.
¶ 3. On the morning of November 7, 2005, neither Raspberry nor his attorney was present when called in open court. The circuit court was advised that Raspberry had received notice of the November 7, 2005 appearance date. Therefore, the court dismissed his appeal and remanded the cases to the municipal court for enforcement of the sentence. Additionally, a writ of procedendo was ordered for the three cases, enforcing the judgment of the Aberdeen Municipal Court. The writ was issued and executed by the municipal judge on November 14, 2005.
¶ 4. The record indicates and defense counsel admits that neither Raspberry nor his attorney had any contact with the circuit court from October 2005 until March 14, 2006, when Raspberry’s counsel contacted the court and discovered the cases had been dismissed. That same day, Raspberry’s counsel filed a motion to restore the cases to the active docket of the circuit court. However, the motions to restore were filed after the conclusion of the November 2005 and February 2006 Monroe County Circuit Court terms.
¶ 5. A hearing on these motions occurred in circuit court on August 9, 2006. Raspberry’s counsel testified his reason for not appearing with his client in court on November 2005 was either lack of notice from the circuit clerk or an inability to find the notices in his file. He claimed he had been “basically waiting for notice” from the circuit clerk for the six months from October 2005 to March 2006. Raspberry’s counsel also attempted to take the blame for his client’s not appearing, testifying that the reason Raspberry did not appear was because he did not tell Raspberry to appear. Additionally, counsel stated that Raspberry did not receive copies of the appearance bonds he signed, and his client probably did not read those bonds when he signed them. At the hearing, the circuit judge questioned the circuit clerk about court procedures but failed to find any irregularities.
¶ 6. The circuit court declined to reinstate the appeal because the record supported Raspberry “had personal notice of the date he was supposed to appear in court, coupled with the notification that’s in the file.” Even though the circuit court expressed its preference for hearing the case on the merits, the court found it lacked jurisdiction to do so “after expiration of the term of court and after the cases have been returned to the Municipal Court for enforcement of its sentence.” The court also ordered the three cases to *1213 be consolidated for purposes of appeal. Subsequently, Raspberry filed a motion for judgment notwithstanding the verdict or, in the alternative a new trial, which was overruled. Raspberry then filed a notice of appeal to this Court.
STANDARD OF REVIEW
¶ 7. Whether a circuit court has jurisdiction to hear a particular matter is a question of law which is reviewed de novo. Edwards v. Booker, 796 So.2d 991, 994(¶ 9) (Miss.2001).
DISCUSSION
¶ 8. Raspberry raises one issue: whether the circuit court committed reversible error in overruling his motion to restore the cases to the active docket. For discussion purposes, we shall first discuss the jurisdictional issue and then address whether there was sufficient evidence to prove Raspberry had proper notice of the court date.
1. Jurisdiction.
119. The ultimate reason the Monroe County Circuit Court declined to reinstate Raspberry’s appeal was lack of jurisdiction. We find authority which states if “the motion to reinstate the appeal and the order thereon were both filed after expiration of-the term of court, neither the circuit court nor the Supreme Court has jurisdiction.” McDowell v. State, 251 Miss. 156, 161, 168 So.2d 658, 660 (Miss.1964); see also Sanders v. State, 259 So.2d 117, 117-18 (Miss.1972) (motion to dismiss appeal sustained for want of jurisdiction on unsworn motion to reinstate appeal after court term was concluded).
¶ 10. In our case, the circuit court dismissed the three cases on November 7, 2005, after Raspberry and his counsel did not appear for his court date. The circuit court remanded the case to the Municipal Court of Aberdeen for enforcement of its sentence and ordered a writ of proceden-do, directing the municipal court to proceed with its judgment as if the conviction had never been appealed. Raspberry filed his motion to restore the cases to the circuit court’s docket on March 14, 2006. Since this filing was after the conclusion of the November 2005 and February 2006 Monroe County circuit terms,[1] the circuit court and this Court are without jurisdiction. Accordingly, we dismiss this appeal.
¶ 11. We will, however, discuss below whether there was sufficient notice of the court date, since Raspberry argues that because he did not receive proper notice, the circuit court retains jurisdiction of his appeal.
2. Evidence of Notice.
¶ 12. Raspberry argues that neither he nor his counsel had notice of the November 7, 2005 court date. Further, he claims the circuit court did not follow proper procedure in dismissing his appeal and issuing a writ of procedendo. Finally, Raspberry contends the circuit court did not affirmatively prove his name was called out three times in open court on the date of the hearing.
¶ 13. A right of appeal is granted following a conviction of a criminal offense by a municipal court “on appearance of the appellant in the circuit court.” Miss.Code Ann. § 99-35-1 (Rev.2007). An appellant must appear before the court “at the next term after such appeal is taken, to answer the charge against him_” Miss.Code Ann. § 99-35-3 (Rev.2007). The appeal is *1214 a trial de novo. URCCC 12.02(C); Miss. Code Ann. § 99-35-1 (Rev.2007). “If the defendant fails to appear at the time and place set by the court, the court may dismiss the appeal with prejudice and with costs.” URCCC 12.02(B); see also Hegwood v. State, 208 Miss. 517, 523, 44 So.2d 850, 851 (Miss.1950) (holding when defendant appeals from justice of peace court to circuit court and fails to appear, the circuit court may dismiss case, order writ of pro-cedendo and it is not necessary to inquire about validity of proceedings before dismissal).
¶ 14. At the hearing on the motion to restore the cases to the active docket, the circuit court made the following findings based on the record regarding notice of the court date. On October 7, 2005, Raspberry signed three appearance bonds after filing his notice of appeal. Each bond stated he was to appear in court November 7, 2005. According to the circuit clerk’s testimony, it is the customary practice of the circuit clerk to hand the appellant a copy of these bonds. The circuit clerk’s notifications of appeal, mailed October 10, 2005, contained the court date as well, and were addressed to defense counsel’s correct address. The clerk did not receive any returned mail. The circuit clerk thus testified that Raspberry had personal notice of the court date, as did his attorney, from the notifications in his file. After our review of the record, we conclude these findings were proper.
¶ 15. Raspberry argues that he did not receive proper notice and filed his motion to restore as soon as counsel discovered his case had been dismissed. His defense counsel maintains that his client did not receive a copy of the bonds from the circuit court at the time he signed them. Counsel also claims he never received notice of the court date. Thus, Raspberry contends the denial of his motion to restore was improper because his failure to file a timely objection was unintentional. He cites Kennard v. State, 240 Miss. 488, 127 So.2d 848 (Miss.1961) in support of his argument. Kennard held that because the appellant was not guilty of willful neglect or bad faith in inadvertently not appearing in court, and nevertheless promptly made a motion to reinstate his appeal while not prejudicing the State, the denial of his motion to reinstate was an abuse of discretion. Id. at 494, 127 So.2d 848. The case was reversed for a trial on the merits. Id.
¶ 16. While we agree, as stated in Ken-nard, that “[w]here there is a reasonable doubt as to whether or not a[ ] judgment should be vacated, the doubt should be resolved in favor of ... hearing the case on the merits,” in our case, we also agree with the circuit judge that her court did not retain jurisdiction to hear the case on the merits, as discussed above. Id. at 493, 127 So.2d 848 (quoting Manning v. Lovett Motor Co., 228 Miss. 191, 195, 87 So.2d 494, 496 (Miss.1956)). Further, we do not agree with Raspberry’s contention that he was improperly noticed and thus jurisdiction remained with the circuit court. The record contains substantial evidence of proper notice provided by the circuit clerk. Importantly, not just one, but two court terms passed before Raspberry’s counsel contacted the circuit court and filed his motion to reinstate, and it was six months since Raspberry’s convictions in municipal court. Further, Raspberry himself could have looked at the appearance bonds and noted the date when he executed them.
¶ 17. Raspberry also makes the argument that the circuit court was in error for not affirmatively proving his name was called three times in open court, as the circuit court’s November 7, 2005 order merely stated “Raspberry having been called in open Court and not appearing.” While it is well-settled that before a *1215 writ of procedendo is issued, “the appellant be called and given an opportunity to defend,” (see Pool v. State, 176 Miss. 514, 516, 169 So. 886, 887 (Miss.1936) (citing Wilson v. Town of Handsboro, 96 Miss. 376, 377, 50 So. 982, 982 (Miss.1909)) Raspberry does not provide any authority stating it is mandatory to call the appellant’s name three times in open court. We find sufficient evidence in the record that Raspberry was given the opportunity to defend on November 7, 2005, and he did not appear. Therefore, this issue is without merit.
¶ 18. THE APPEAL FROM THE CIRCUIT COURT OF MONROE COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. 1985 Miss. Laws, chapter 502 (court terms for the Circuit Court of Monroe County are the third Monday in February, the third Monday in June, the second Monday in September, and the first Monday in November, each term lasting twelve days).