984 So.2d 1086 (2008)
Michiel Layne HILL, Appellant
v.
CITY OF WIGGINS, Appellee.
No. 2007-CA-01094-COA.
Court of Appeals of Mississippi.
June 17, 2008.
Benjamin H. Holland, Jack Parsons, Tadd Parsons, Wiggins, attorneys for appellant.
*1087 Thomas M. Matthews, attorney for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
CHANDLER, J., for the Court.
¶ 1. On February 3, 2007, Michiel Layne Hill was arrested by the Wiggins Police Department for driving under the influence in violation of Mississippi Code Annotated section 63-11-30 (Rev.2004). A trial on the matter was set for March 26, 2007, in the City of Wiggins Municipal Court. At that time, Hill pleaded guilty to the DUI charge.
¶ 2. After paying all the related fines, Hill timely appealed the decision of the municipal court to the Circuit Court of Stone County. A de novo trial was scheduled, but it was never held. Prior to the scheduled trial, the State moved to dismiss Hill's appeal for failure to post bond as required by Rule 12.02(A) of the Uniform Rules of Circuit and County Court. Finding that Hill failed to pay the required bond, the circuit court granted the motion to dismiss. Aggrieved, Hill timely appealed the judgment of the circuit court.
¶ 3. Finding no error, we affirm.

ANALYSIS OF THE ISSUE
¶ 4. Hill asserts only one issue on appeal. He claims the circuit court improperly dismissed his appeal from the municipal court. Hill does not deny that he failed to post bond as required. Instead, he points out that he paid all fines levied against him by the municipal court, and he paid a $100 fee upon filing his notice of appeal. It is Hill's contention that the payment of the fines and the filing fee made the posting of a bond unnecessary because they were sufficient in place of the bond.
¶ 5. Rule 12.02(A) of the Uniform Rules of Circuit and County Court provides in pertinent part as follows:
Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal. The failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.
Rule 12.02 further provides the following:
Upon the filing with the circuit clerk of the notice of appeal and bonds or cash deposits required by this rule, unless excused therefrom with the clerk, the prior judgment of conviction shall be stayed. The appeal shall be a trial de novo. In appeals from justice or municipal court when the maximum possible sentence is six months or less, the case may be tried without a jury at the court's discretion. The record certified to the court on appeal from the lower court is competent evidence. However, no motions may be allowed which deprive the accused of the right to a trial on the merits. Amendments will be liberally allowed so as to bring the merits of a case fairly to trial.
URCCC 12.02(C).
¶ 6. In support of his argument, Hill cites Mitchell v. Parker, 804 So.2d 1066, 1071(¶ 21) (Miss.Ct.App.2001) for the proposition that the prepayment of fines and the payment of filing fees satisfy the requirements *1088 of Rule 12.02. What this Court found in Mitchell, however, was that Rule 12.02 requires a party appealing to circuit court to post two separate bonds, one to secure costs and another to secure his appearance at court. Id. at 1070-71(¶ 17). The opinion concluded that Rule 12.02 could be read consistently with Mississippi Code Annotated section 99-35-1 (Rev.2000), which required a cost bond, and with Mississippi Code Annotated section 99-35-3 (Rev.2000), which required an appearance bond. Id. Additionally, this Court found that it was acceptable for the trial court to recast an unnecessary fee that Mitchell paid as the required cost bond. Id. at 1071 (¶ 21).
¶ 7. The issue in Mitchell, however, was not whether Mitchell's appeal was properly before the circuit court. Mitchell had already received a trial on the merits in circuit court and had been found not guilty on the charges. Id. at 1068(¶ 4). In his appeal, Mitchell alleged that he had suffered a constitutional violation as a result of having been required to pay the fee. Id. at (¶ 1). No such violation is alleged in the present case.
¶ 8. Relying on Mitchell, Hill argues that a bond was unnecessary in this case because he already paid all the fines assessed by the municipal court. He also argues that the $100 fee that he paid upon filing his appeal to circuit court should function as the required cost bond.
¶ 9. To further support his argument, Hill points us to Dixon v. State, 528 So.2d 832, 832-33 (Miss.1988), in which the supreme court found that the circuit court erred by denying Dixon's ore tenus motion to amend his bond. In that case, however, Dixon filed the required bond. Id. at 832. The issue in Dixon was that the bond Dixon filed was deficient in that it contained no signatures or sureties. Id. Concerning those deficiencies, the supreme court found that the circuit court "should have granted him a hearing and an opportunity to correct any deficiencies." Id. at 833. Hill's case is distinguishable from Dixon because Hill did not file any bond.
¶ 10. In discussing the present issue in a more recent case, this Court stated that:
[T]here is a vast difference between a case where the bond is timely-executed, approved, and filed but is deficient and a case where the cost bond is filed approximately thirty days past the appeal time and the appearance bond is not filed at all. In the latter case, there is no bond to amend because none of any sort was ever filed during the appeal time.
Riley v. Town of Lambert, 856 So.2d 721, 725(¶ 18) (Miss.Ct.App.2003).
¶ 11. In Riley, the appellant did not file a cost bond until after the expiration of the time to perfect an appeal. Id. at 722(¶ 6). In the present case, Hill never filed a bond to perfect his appeal to the circuit court. Because he filed no bond, unlike Dixon, there was no bond for him to amend. Therefore, Hill's situation is more analogous to the situation in Riley than those in Dixon or Mitchell.
¶ 12. In Spencer v. State, 880 So.2d 1044, 1046-47(¶ 8) (Miss.2004), the supreme court cited the analysis in Riley with approval. The supreme court found that, while Spencer timely filed a notice of appeal, he failed to timely file a cost bond within thirty days of his judgment of conviction. Id. at 1047(¶ 9). Relying on the analysis in Riley, the supreme court found that Spencer had failed to perfect his appeal; therefore, the circuit court properly dismissed it. Id.
¶ 13. In Dixon, the supreme court found that the circuit court should have granted Dixon time to amend his deficient bond. Dixon, 528 So.2d at 832-33. We followed this in Mitchell, stating that "a *1089 criminal defendant may file a motion with the circuit court on appeal from a justice or municipal court to correct deficiencies in his appearance bond." Mitchell, 804 So.2d at 1072(¶ 25) (citing Dixon, 528 So.2d at 833). In this case, we find nothing in the record to indicate that Hill filed any motions seeking to correct the deficiencies in his appeal. Therefore, not only did Hill fail to post bond, but his appeal is additionally distinguishable from Dixon in that he did not file any motion to correct that deficiency.
¶ 14. Lastly, Hill cites to the language from Rule 12.02(C) that provides for liberal amendments to allow a case to go to trial. We previously noted that this language only applies to an appeal that is timely perfected. Riley, 856 So.2d at 725 (¶ 16). "The subsection gives an appellant, who has perfected an appeal, the right to a trial de novo, and no motion shall be allowed which defeats that right." Id. Hill did not timely perfect his appeal to circuit court; therefore, this provision provides no relief for him.
¶ 15. Based upon the decisions in Riley and Spencer, we find no error with the circuit court's judgment. Rule 12.02 requires that for an appeal to circuit court to be perfected, an appellant must timely file a notice of appeal and a bond. Because Hill did not post the necessary bond or file a motion seeking to cure his deficient appeal, we affirm the circuit court's dismissal of Hill's appeal from municipal court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY DISMISSING THE APPEAL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.