# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-00756-COA

**KENNETH WASHINGTON A/K/A KENNETH S. WASHINGTON**          APPELLANT

**v.**

**STATE OF MISSISSIPPI**          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2014 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH WASHINGTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | DISMISSED UNTIMELY JUSTICE COURT APPEAL |
| DISPOSITION: | AFFIRMED: 04/14/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. On June 17, 2013, Kenneth S. Washington was cited for disturbing the peace. After a hearing on September 16, 2013, the Copiah County Justice Court found Washington guilty. On May 2, 2014, Washington filed his notice of appeal with the circuit clerk. The circuit judge dismissed the appeal as untimely.

¶2. "Whether a circuit court has jurisdiction to hear a particular matter is a question of law which is reviewed de novo." *Raspberry v. City of Aberdeen*, 964 So. 2d 1211, 1213 (¶7) (Miss. Ct. App. 2007).

¶3.     Uniform Rule of Circuit and County Court 12.02(A)(1) provides:

> Any person adjudged guilty of a criminal offense by a justice . . . court may appeal . . . to circuit court by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal.

Here, Washington failed to timely file his appeal. And the circuit judge dismissed the appeal.

¶4.     Washington has provided no reason for his untimely appeal. Instead, he has argued that his conviction was based on perjured testimony, and the State interfered with his right to cross-examine Joshua Johnson. Johnson and Washington both received disturbing-the-peace citations based on the same incident. Despite considering these arguments, the circuit judge dismissed the appeal as untimely.

¶5.     In *Reeves v. City of Crystal Springs*, 54 So. 3d 322, 325-26 (¶10) (Miss. Ct. App. 2011), this Court upheld the dismissal of an appeal because it was not timely filed. The court interpreted Rule 12.02, and it held:

> In *Hill v. City of Wiggins*, 984 So. 2d 1086, 1089 (¶15) (Miss. Ct. App. 2008), we affirmed a circuit court's dismissal of an appeal since the defendant failed to post the requisite bond with his notice of appeal in a timely manner. *See Riley v. Town of Lambert*, 856 So. 2d 721, 724 (¶11) (Miss. Ct. App. 2003) (finding the circuit court's dismissal of the appeal appropriate based on [the] defendant's "failure to comply with the requirement that both a cost and appearance bond be posted").

*Reeves*, 54 So. 3d at 325-26 (¶10).

¶6.     We affirm the dismissal of the appeal as untimely.

¶7.     **THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**