McMILLIN, C.J.,
for the Court:
¶ 1. The matter of Steven E. Draper’s conviction in the Municipal Court of the City of Flowood for driving while under the influence of intoxicants comes before this Court for the second time. In an earlier appeal by Draper of his conviction, assigned Case No. 96-KA-00428-COA, this Court dismissed the appeal on our own motion for lack of jurisdiction after noting that the provisions of Section 11-51-81 of the Mississippi Code necessary to vest jurisdiction for the appeal had not been met. Miss.Code Ann. § 11-51-81 (1972). That section requires that, for cases originating in municipal court, appealed to county court, and then to the circuit court, no subsequent appeal to the Mississippi Supreme Court will be permitted unless either the circuit judge or a supreme court justice allows the appeal *513 based on a finding that a constitutional question is necessarily presented. Miss. Code Ann. § 11-51-81 (1972).
¶ 2. It now appears that, after this Court dismissed the earlier appeal for lack of jurisdiction, Draper obtained an order from the Circuit Court of Rankin County finding that there was, indeed, a constitutional question involved. The circuit court also ordered that Draper be allowed an out-of-time appeal. Acting under that order, Draper proceeded to perfect this appeal, which was, like the earlier proceeding, assigned to the Court of Appeals for decision by the Mississippi Supreme Court.
¶ 8. The City of Flowood has interposed no objection to the procedure employed by Draper to bring this matter before this Court once again. Nevertheless, this Court, mindful that we must be certain of our jurisdiction to proceed whether or not the question is raised by the parties (see, e.g., Drummond v. State, 184 Miss. 738, 748, 185 So. 207, 209 (1938)), entered an order directing Draper to show cause why this second appeal should not be dismissed as having been untimely filed. In the order, Draper was directed to give particular attention to the issue of the trial court’s authority to permit an out-of-time appeal.
¶ 4. In response to that order, Draper filed a brief that is devoid of a citation to any statute, procedural rule, or published opinion of either of the appellate courts of this State that would suggest that the circuit court may, on these facts, permit an out-of-time appeal, except for a conclusory assertion that the appeal was perfected pursuant to Rules 3 and 4 of the Mississippi Rules of Appellate Procedure. Our review of these rules points to nothing that would authorize the circuit court to extend or reopen the time to appeal except for certain limited authority in Rule 4(g) and 4(h), neither of which have any application in this case. Rule 26(b) provides that even “the [sjupreme [cjourt will not enlarge the time for filing notice of appeal. ...” M.R.A.P. 26(b). If that authority does not exist in the supreme court, it seems evident that the authority would not exist in the trial court from which a belated appeal is sought.
¶ 5. As we have observed, the fact that the City of Flowood, as appellee, does not raise the issue of the timeliness of this second appeal notice is of no benefit to Draper. It is fundamental that the parties cannot, by agreement or by waiver, confer jurisdiction where none exists as a matter of law. Donald v. Reeves Transp. Co. of Calhoun, Ga., 538 So.2d 1191, 1194 (Miss.1989).
¶ 6. Draper concedes in his brief that his first notice of appeal, because of its failure to comply with the requirements of Section 11-51-81, did nothing to confer on this Court the jurisdiction to reach the merits of his appeal. Miss.Code Ann. § 11-51-81 (1972). That being the case, we are obligated to conclude that the second notice of appeal, though complying with the statutory provisions that proved fatal to his prior appeal, was substantially outside the time permitted to perfect an appeal from a judgment of the circuit court. M.R.A.P. 4. We are further of the opinion that the circuit court exceeded its authority when it purported to grant Draper permission to appeal his conviction after the time to appeal had run.
¶ 7. It is for these reasons that we conclude that the Court is without jurisdiction to consider this appeal on the merits.
¶ 8. THIS APPEAL IS HEREBY DISMISSED FOR LACK OF JURISDICTION DUE TO THE UNTIMELINESS OF THE NOTICE OF APPEAL. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR. BRIDGES, J., NOT PARTICIPATING.