856 So.2d 721 (2003)
Curtis RILEY, Appellant,
v.
TOWN OF LAMBERT, Mississippi, Appellee.
No. 2002-CA-01006-COA.
Court of Appeals of Mississippi.
October 7, 2003.
Azki Shah, Clarksdale, attorney for appellant.
*722 Jimmy L. Miller, Marks, attorney for appellee.
EN BANC.
IRVING, J., for the Court:
¶ 1. The Circuit Court of Quitman County dismissed, for want of prosecution, Curtis Riley's appeal of his misdemeanor convictions in the Municipal Court of the Town of Lambert. Following a denial of his motion to reconsider the dismissal, Riley filed this appeal in which he alleges that the trial court erred in dismissing the appeal because it was dismissed via a procedure for dismissal of stale civil, not criminal cases.
¶ 2. We agree with Riley that the motion leading to the dismissal was improperly filed pursuant to rules of procedure which provide a procedural framework for the dismissal of stale civil cases only. Notwithstanding this procedural blip, we find that there is a legitimate basis for the dismissal of the appeal. Therefore, we affirm the trial court's dismissal, although for a different reason.

FACTS
¶ 3. Curtis Riley was convicted on February 23, 1998, in the Municipal Court of the Town of Lambert, of contributing to the delinquency of a minor and allowing minors into his billiard hall lounge. On March 23, 1998, Riley filed, in the Circuit Court of Quitman County, a notice of appeal from his misdemeanor convictions in the municipal court. On April 21, 1998, almost thirty days past the thirty-day appeal time, he filed a cost bond. He did nothing thereafter to prosecute the appeal, and nothing occurred in the appeal until April 2000, when the Circuit Clerk of Quitman County, acting pursuant to Rules 5 and 41 of the Mississippi Rules of Civil Procedure, filed a motion to dismiss the appeal for lack of prosecution.
¶ 4. According to the record, the clerk served the motion on Riley's attorney on April 6, 2000. The motion advised Riley that the case would be dismissed "unless within thirty days of the date of [the service of the motion], action of record is taken, or written application is made to the Court and good cause shown why such case should not be dismissed." The trial court did not sign the order of dismissal until January 8, 2001. The record does not reflect that Riley took any action in the interim. On February 6, 2002, approximately thirteen months after the order of dismissal was entered, Riley filed a motion to set aside the dismissal. In his motion, Riley argued that a defendant in a criminal case is under no obligation to set his case for trial and that the trial court never set a date for trial. This motion, as well as a motion to reconsider, was denied, leading to this appeal.

ANALYSIS OF THE ISSUE AND DISCUSSION OF THE LAW
¶ 5. Riley argues that the trial court erred in granting the clerk's motion because the clerk had no authority to file such a motion in a criminal case. We agree with Riley that Rules 5 and 41 of the Mississippi Rules of Civil Procedure, which were the procedural foundation upon which the clerk operated, apply to civil and not criminal cases. However, we disagree that this procedural blunder means that the appeal should be reinstated.
¶ 6. As we have already noted, Riley filed a notice of appeal on March 23, 1998, from the judgments of conviction which were entered on February 23, 1998, but no cost bond was filed until April 21, 1998, almost two months following the date of the judgments.
¶ 7. Rule 12.02 of the Uniform Circuit and County Court Rules states in pertinent part that:

*723 Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal and cost bond within 30 days of such judgment with the clerk of the circuit court having jurisdiction. The written notice of appeal and posting cost bond perfects the appeal. The failure to post any bond required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.

URCCC 12.02(A) (emphasis added). Subsection (B) of Rule 12.02 requires the posting of an appearance bond. The applicable portion of this subsection provides:
Unless excused by the making of an affidavit as specified in § 99-35-7 of the Mississippi Code of 1972, bond with sufficient resident sureties (or licensed guaranty companies), to be approved by the circuit clerk, or of cash shall be given and conditioned on appearance before county or circuit court from day to day and term to term until the appeal is finally determined or dismissed.
URCCC 12.02(B).
¶ 8. A review of the record reveals that, in addition to the tardy filing of the cost bond, Riley never filed an appearance bond. A document styled as a supersedeas bond is found among the court papers, but that document is not approved by any official associated with either the circuit or municipal court. Moreover, this bond was also filed late, as it was also filed on April 21, 1998, approximately thirty days past the appeal period. Further, the contents of the document indicate that it is really a cost bond, not an appearance bond.
¶ 9. On these facts, two conclusions are inescapable. First, Riley's appeal was not timely perfected, for the rule provides that the appeal is not perfected until two things occur: the filing of a written notice of appeal and a cost bond. Both of these filings are to be done within thirty days of the judgment from which the appeal is taken. Here, the written notice of appeal was filed within the thirty days permitted by the rule, but the cost bond was not filed until approximately sixty days after the municipal court judgment was entered. Therefore, it was not timely. Second, it is not debatable that an appearance bond was never filed. The rule provides that the failure to post any bond required by this rule shall be grounds for the court, on its own motion or by motion of another to dismiss the appeal with prejudice.
¶ 10. Therefore, since Riley failed to post one of the requisite bonds, the trial court, in its discretion, was empowered to dismiss the appeal on its own motion or by the motion of another. Here it was the clerk of the court, traveling in a civil procedure vehicle and invoking a different basis than that provided for in Rule 12.02, who asked that the appeal be dismissed. The trial court, embracing the message contained in the clerk's invocation, utilized its discretion and dismissed the appeal. In deciding the appropriateness vel non of the trial judge's action, we look not at the identity of the messenger or the type of procedural vehicle employed by the messenger to deliver the message, but at the totality of the factual circumstances to ascertain whether there is any legal basis which may properly justify the action taken by the trial judge in response to the message.
¶ 11. It is elemental law that appellate courts are authorized to affirm the judgment of the trial court on a different basis than that employed by the trial court. See Askew v. Askew, 699 So.2d 515, 519 n. 3 (Miss.1997); Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988). We find that, *724 based on the facts of this case, the trial judge's decision to dismiss the appeal is one that reposes within the discretion granted him under Rule 12.02. He could have, and should have, dismissed the appeal because of Riley's failure to comply with the requirement that both a cost and appearance bond be posted. Since Riley failed to post an appearance bond and failed to timely post a cost bond, we see no reason to conclude that the trial court abused its discretion in dismissing the appeal.
¶ 12. The dissent, citing Dixon v. State, 528 So.2d 832 (Miss.1988), Mitchell v. Parker, 804 So.2d 1066, 1072 (Miss.Ct.App. 2001), and subsection "C" of Rule 12.02, argues that affirming the trial judge's dismissal of this case runs afoul of subsection "C". Also, the dissent, arguing that Riley had no obligation to bring himself to trial, blames the Town of Lambert for doing nothing following Riley's filing of the notice of appeal.
¶ 13. Two points should be made regarding the dissent's argument. First, the dissent apparently does not understand the nature of the appearance bond which Riley had a responsibility to file but failed to do. The appearance bond contains an initial date for appearance in court. Usually that date is the first day of the term of court following the posting of the bond. The appellant is required to appear in court on that date to await further orders of the court regarding the disposition of his appeal. Second, as we demonstrate in the remainder of this opinion, none of the authorities cited support the dissent's view of the issue or contradict our holding. But before we address the matter of the cited authorities, we make some observations about some factual representations made by the dissent which are not supported by the record in this cause.
¶ 14. The dissent represents as a fact that on March 23, 1998, Riley filed a notice of appeal and paid a filing fee to the Circuit Clerk of Quitman County. The record does not support this representation.[1] The record reveals that a notice of appeal was filed on that date, but does not reveal that any fee or any money was paid. The index to the docket index also reflects that the notice of appeal was filed on March 23, 1998, but it too does not reflect a payment of any fees or any money on that date. Also, the dissent, while not representing as a fact that Riley presented the cost bond to the municipal judge for approval on March 14, 1998, embraces Riley's argument that the municipal judge was the reason for the delay in posting the cost bond. Again, nothing in the record, which is the official instrument upon which we must rely for our facts, supports Riley's argument in this regard. The fact that he and his sureties may have signed the bond on March 14, 1998, does not in the least prove that it was also presented to the judge on that day for approval. Even so, it was Riley's responsibility to get his bond timely approved. We now turn to a discussion of the authorities cited by the dissent.
¶ 15. First, the dissent quotes only a portion of subsection "C" and gives an interpretation of this subsection that is *725 totally out of context. We quote subsection "C" in its totality:
Upon the filing of the notice of appeal with the clerk, the prior judgment of conviction shall be stayed by the higher court upon receipt of the bonds required by this rule or excuse therefore.
The appeal shall be a trial de novo. In appeals from justice or municipal court when the maximum possible sentence is six months or less, the case may be tried without a jury at the court's discretion. The record certified to the court on appeal from the lower court is competent evidence. However, no motions may be allowed which deprive the accused of the right to a trial on the merits. Amendments will be liberally allowed so as to bring the merits of a case fairly to trial.
¶ 16. Apparently, the dissent interprets the next to the last sentence in subsection "C" to mean that even if a defendant fails to perfect his appeal, he is nevertheless entitled to a trial de novo on the merits. This is flawed reasoning. It is obvious that the last sentence does not come into play until such time as there is a perfected appeal. The subsection gives an appellant, who has perfected an appeal, the right to a trial de novo, and no motion shall be allowed which defeats that right.
¶ 17. Dixon is clearly distinguishable on the facts. In Dixon, the appellant, appealing from a conviction in the Justice Court of Monroe County, signed and filed an appearance bond, but the bond did not contain the signatures of any sureties. Dixon, 528 So.2d at 832. The bond was approved by the justice court judge. Id. After the time for appealing had run, the State moved to dismiss the appeal because the bond did not comport with the requirements of law. Id. The trial court granted the State's motion. Id. On appeal, the Mississippi Supreme Court reversed, holding that Dixon should have been allowed to amend his bond. Id.
¶ 18. It requires no exercise in legal gymnastics to realize that there is a vast difference between a case where the bond is timely-executed, approved, and filed but is deficient and a case where the cost bond is filed approximately thirty days past the appeal time and the appearance bond is not filed at all. In the latter case, there is no bond to amend because none of any sort was ever filed during the appeal time.
¶ 19. We do not take issue with the dissent's interpretation of our holding in Mitchell. In fact Mitchell affirms that both a cost bond and an appearance bond are required in appeals from municipal courts. Mitchell, 804 So.2d at 1070 (¶¶ 16-17). If the bonds are not filed, it goes without saying they cannot be amended in accordance with the holding in Dixon. We know of no case which permits the filing of the required bonds past the thirty-day appeal time. Therefore, we affirm.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY DISMISSING THE APPEAL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING P.J., BRIDGES, THOMAS, LEE, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND SOUTHWICK, P.J.
GRIFFIS, J., DISSENTING:
¶ 21. The majority disregards the basis for the circuit court's dismissal and affirms on a completely different basis, not considered by the circuit court. The majority reasons that the appeal was never perfected because Riley failed to post an appearance bond and failed to timely post a cost *726 bond. I disagree, and I am of the opinion that the trial court's dismissal and the majority's reasoning for affirmance is in error. Therefore, I dissent.
¶ 22. I agree with the majority on the principal issue before this Court. The circuit clerk lacked the authority to file and pursue a motion to dismiss a pending criminal case. The Mississippi Rules of Civil Procedure not govern criminal cases. Civil rules of procedure may not provide the legal basis for a motion to dismiss a criminal action. Simply stated, Rules 5 and 41 of the Mississippi Rules of Civil Procedure do not provide the circuit judge a legal basis or the authority to dismiss a criminal case.
¶ 23. In affirming the circuit judge, the majority relies on the Town of Lambert's alternative argument, made here for the first time on appeal. The Town argues that the case was correctly dismissed because Riley failed to post an appearance bond and failed to timely post a cost bond, as required by Rule 12.02 of the Uniform Circuit and County Court Rules. I am of the opinion that Rule 12.02 does not support the majority's decision.
¶ 24. The majority correctly states that the decision to dismiss a criminal case for failure to comply with Rule 12.02 is a "discretionary" decision vested solely in the circuit judge. Uniform Rules of Circuit and County Court 12.02(a) authorizes, but does not require, the circuit court to dismiss an appeal for failure to file the appropriate bonds in a timely manner. Uniform Rules of Circuit and County Court 12.02, in pertinent part, provides:
A. Notice and Filing. Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal and cost bond within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting cost bond perfects the appeal. The failure to post any bond required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs. The clerk of the court shall not accept, file and docket the written notice of appeal without the accompanying cost bond, unless the court has allowed the defendant to proceed in forma pauperis.....
B. Bonds. Unless excused by the making of an affidavit as specified in §§ 99-35-7 of the Mississippi Code of 1972, bond with sufficient resident sureties (or licensed guaranty companies), to be approved by the circuit clerk, or of cash shall be given and conditioned on appearance before the county or circuit court from day to day and term to term until the appeal is finally determined or dismissed. If the defendant fails to appear at the time and place set by the court, the court may dismiss the appeal with prejudice and with costs.
Unless excused by the making of an affidavit of poverty as specified above, every defendant who appeals under this rule shall post a bond with sufficient resident sureties (or licensed guaranty companies), to be approved by the circuit clerk, or cash for all estimated court costs, incurred both in the appellate and lower courts. The amount of such bond shall be determined by the judge of the lower court payable to the state in an amount of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1000).....
C. Proceedings. Upon the filing of the notice of appeal with the clerk, the prior judgment of conviction shall be stayed by the higher court upon receipt of the *727 bonds required by this rule or excuse therefore.... However, no motions may be allowed which deprive the accused of the right to a trial on the merits. Amendments will be liberally allowed so as to bring the merits of a case fairly to trial.

(emphasis added).
¶ 25. The majority relies on Rule 12.02(A) and (B) to conclude that the case was correctly dismissed because Riley failed to properly perfect the appeal because he did not post an appearance bond and failed to timely post a cost bond. Rule 12.02(A) provides that the "written notice of appeal and posting cost bond perfects the appeal." On March 23, 1998, Riley filed a notice of appeal with the circuit clerk. Along with the notice, Riley paid the circuit clerk a filing fee of $95.00. The notice was filed stamped and accepted by the clerk.
¶ 26. On April 21, 1998, Riley filed two other pleadings: (a) a "Cost Bond in a Appeal from Municipal Court to Circuit Court," and (b) a "Supersedeas Bond in a Criminal Appeal from Municipal Court to Circuit Court." The circuit clerk again accepted, filed and stamped each of these pleadings.
¶ 27. I will first address whether the notice of appeal was perfected. Rule 12.02(A) provides that "[t]he clerk of the court shall not accept, file and docket the written notice of appeal without the accompanying cost bond, unless the court has allowed the defendant to proceed in forma pauperis." Here, the clerk accepted the notice of appeal, the $95 filing fee, and the cost bond. Accordingly, upon acceptance, the clerk waived any objection to the cost bond and such may not now be used to deprive Riley his day in court.
¶ 28. Next, the majority disregards the cost bond that was filed, finding that it was tardy. The fact is that Riley prepared and filed a pleading styled "Cost Bond in a Appeal from Municipal Court to Circuit Court," which was signed by the defendant and a surety on March 14, 1998. Riley argues that it was submitted to the municipal judge on March 14, 1998, but the municipal judge held it only to approve it thirty days later, on April 14, 1998. Again, the circuit clerk accepted and filed the cost bond, which the majority argues should have been rejected under Rule 12.02(A). Riley argues that the untimeliness of the cost bond should be excused because the late filing of the bond was solely due to the delay of the municipal court judge. On the face of the document, this appears to be a valid and persuasive argument. Indeed, the proper forum for this consideration is before the circuit judge. This is exactly the issue that the circuit judge should consider and use discretion in deciding whether it is sufficient rationale to excuse a tardy cost bond. The majority and I agree that Rule 12.02 allows the circuit judge that discretion.
¶ 29. The majority also contends that no appearance bond was "approved by any official associated with either the circuit or municipal court." Riley did file a pleading styled "Supersedeas Bond in a Criminal Appeal from Municipal Court to Circuit Court." This pleading is undated, but it was filed and accepted by the clerk on April 23, 1998, along with the cost bond. Riley again argues that this bond was untimely due to the delay of the municipal court judge. We also note that the record includes a notice of assignment of the appeal to Judge Kenneth Thomas, which was filed on September 23, 1998. Judge Thomas could not have considered the appearance bond until after he was assigned to the case, five months after the appearance bond was filed. Again, this argument appears valid and persuasive. This too is *728 the type of issue that should be considered by and within the circuit court's discretion.
¶ 30. I disagree with the majority because I am of the opinion that Uniform Rules of Circuit and County Court 12.02(C) guides our decision and the use of discretion by the circuit judge. Subsection (C) essentially provides that a defect in any bond, required under subsection (B), should be considered by the circuit court pursuant to a motion. A deficiency or defect in the bond does not automatically require dismissal. Indeed, Rule 12.02(C) allows no motion that would "deprive the accused of the right to a trial on the merits." The majority's action here will simply violate Rule 12.02(C) because it will deprive Riley of his right to a trial on the merits. Rule 12.02(C) goes even further; liberal amendments are specifically allowed as necessary "to bring the merits of a case fairly to trial."
¶ 31. This issue was decided in Dixon v. State, 528 So.2d 832 (Miss.1988). I quote the entire opinion:
Cliff Dixon was convicted for petit larceny in justice court in Monroe County and fined $50 on June 10, 1983. He duly noticed his appeal to the circuit court and filed an appearance bond in the amount of $250. Dixon signed the bond, but no signatures of sureties appear on the bond. The bond was approved, however, by the justice court judge.
After appeal time had run, the State moved to dismiss the appeal for lack of jurisdiction, in that the bond did not comport with the requirements of §§ 99-35-3, Miss.Code Ann. (1972). The circuit judge granted the State's motion, denying an ore tenus motion by Dixon to amend the bond. Aggrieved, Dixon appeals, arguing that the lower court erred in dismissing his bond. We agree, and reverse the decision of the circuit court to deny Dixon time to amend his bond. Here, the bond, though imperfect, was filed and approved by the justice court judge. The circuit court, upon Dixon's request, should have granted him a hearing and an opportunity to correct any deficiencies. See, Smith v. Boykin, 61 Miss. 110 (1883).
We reverse and remand to the circuit court for reinstatement of Dixon's appeal to that court. Dixon is granted thirty (30) days from the date of this opinion in which to tender proper bond, failing which his appeal will be properly dismissed.
Id. at 832-33. The majority attempts to distinguish Dixon. However, Dixon is no different than this appeal. There was a deficiency in the bond, and the supreme court reversed and remanded to allow an "opportunity to correct any deficiencies." Id. at 833.
¶ 32. Likewise, in Mitchell v. Parker, 804 So.2d 1066, 1072 (Miss.Ct.App.2001), we cited Dixon for the proposition that "a criminal defendant may file a motion with the circuit court on appeal from a justice or municipal court to correct deficiencies in his appearance bond." Yet here, we will usurp the discretionary decision of the circuit judge and deny a criminal defendant the opportunity to file a motion to correct a deficiency in his appearance bond.
¶ 33. For almost three years, the Town of Lambert failed to timely prosecute this appeal. The Town, in its role as the prosecutor of this criminal appeal, took absolutely no action to challenge any deficiency or defect in the cost or appearance bond or to bring this case to a speedy trial. Now, the Town has convinced this Court to disregard the Town's failure to timely prosecute this action and thereby deprive Riley of his right to a fair trial on the merits. As the supreme court held in Dixon and we held in Mitchell, Riley should have *729 been allowed an opportunity to correct any deficiency or defect in the bond by the trial court.
¶ 34. The majority finds my analysis to be an "exercise in legal gymnastics." I see it as an exercise in logic. Dixon and Mitchell stand for the proposition that a criminal defendant, in justice or municipal court appeals, should have an opportunity to correct a deficiency in any required bond. Rule 12.02(C) of the Uniform Circuit and County Court Rules provides, in no uncertain terms, that Mississippi law on appeals from justice or municipal courts, must be interpreted to allow liberal amendments and may not deprive a criminal defendant of a trial on the merits. Instead, the majority here takes a hard line approach and usurps the discretionary decision of the circuit court. Appeals from justice and municipal courts require a difficult and awkward procedure, as compared to appeals from county, circuit or chancery courts, and the involvement of several different players. The last sentence of Rule 12.02 is similar to Rule 15 of the Mississippi Rules of Civil Procedure. Liberal amendments are to be allowed. Trials on the merits are preferred, and substance prevails over form. Here, liberal amendments require that Riley be given an opportunity to correct the deficiencies and the circuit court has the discretion to decide whether the appeal may proceed to a trial on the merits.
¶ 35. This Court should reverse and remand this case to the circuit court for further proceedings consistent herewith.
McMILLIN, C.J. AND SOUTHWICK, P.J., JOIN THIS SEPARATE OPINION.
NOTES
[1] Riley argues in his appellate brief that he paid a filing fee of $95. Since the payment is not reflected among the clerk papers nor in the index of the docket, a bill of particulars should have been obtained in order to place that fact before us. It is well-settled law that we do not decide cases based upon unsupported representations made by the parties in their briefs. See Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989). Riley had a responsibility to present an appellate record which is sufficient to support his allegations of error. Queen v. Queen, 551 So.2d 197, 199 (Miss.1989).