BARNES, J.,
for the Court:
¶ 1. The Circuit Court of Copiah County dismissed James Edwin Reeves’s appeal of his municipal court conviction for first-offense driving under the influence (DUI) for lack of jurisdiction, finding that the appeal was filed untimely. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On the morning of August 24, 2008, Reeves was involved in a one-vehicle accident when he ran his SUV into a telephone pole in Crystal Springs, Mississippi. However, when Officer Colin Cooper of the Crystal Springs Police Department arrived at the accident site, Reeves had disappeared. Searching the nearby area for the driver, another police officer saw Reeves standing approximately 300 feet away from the accident, hiding behind a pillar in front of a building. After confirming that he was the driver of the vehicle, the officer brought Reeves back to the accident scene. Officer Cooper noted that Reeves had red eyes, dilated pupils, and slurred speech. Reeves was taken to the police station and given an Intoxilyzer test. The test showed that Reeves was over the legal limit, and he was arrested and charged with first-offense DUI, a misdemeanor.
¶ 3. At a hearing on October 8, 2008, the Crystal Springs Municipal Court requested that Reeves’s counsel prepare and submit a brief prior to the court’s entry of judgment. Counsel complied with the order, and the municipal judge took the matter under advisement. According to a letter contained in the record, defense counsel submitted a “motion to dismiss” prior to November 26, 2008, and counsel informed Reeves that the municipal judge was going to rule on the motion without conducting a hearing. However, this referenced motion is not in the record.
¶ 4. On February 13, 2009, Reeves’s counsel received a notice from the municipal court for an unpaid fine resulting from Reeves’s DUI conviction. This notice was dated February 3, 2009, and stated that Reeves had ten days to pay his fine. On February 16, 2009, Reeves’s counsel sent a letter to the municipal court clerk, stating he was unaware that Reeves had been found guilty and that he would file a notice of appeal within the week. Reeves’s counsel also sent a letter to the municipal judge, requesting that an appeal bond be set. In the process of obtaining the bond, Reeves claims that the bail bondsman was told by the municipal court clerk that the date of conviction was February 11, 2009. This date is written on the face of the appeal bond.
¶ 5. On March 3, 2009, Reeves filed a notice of appeal from his DUI conviction and his appeal bond with the Copiah County Circuit Court. After a bench trial held on March 30, 2009, the circuit court dismissed Reeves’s appeal without prejudice, finding that it was not filed in a timely manner. See URCCC 12.02(A)(1). The circuit judge’s dismissal was based upon an “Abstract of Court Record” filed on March 30, 2009, which stated that the date of Reeves’s conviction was January 14, 2009. The abstract also stated that Reeves had entered a plea of nolo contendere. Reeves now appeals the circuit court’s dismissal for lack of jurisdiction. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. This Court conducts a de novo review on the issue of “[wjhether a circuit court has jurisdiction to hear a particular matter [as it] is a question of law[.]” Raspberry v. City of Aberdeen, 964 So.2d 1211, 1213 (¶ 7) (Miss.Ct.App.2007) (citing *325 Edwards v. Booker, 796 So.2d 991, 994 (¶ 9) (Miss.2001)).
I. Whether Reeves’s appeal was timely filed.
¶ 7. Rule 12.02(A)(1) of the Uniform Rules of Circuit and County Court states, in pertinent part, that:
Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal.
(Emphasis added). Reeves claims that the circuit judge should not have dismissed his appeal since the judge could not determine the date of conviction by reviewing the record. At the bench trial, the circuit court stated that there was nothing “in [the] court file indicating when there was a conviction.” When the circuit judge asked Reeves’s counsel how he knew that the municipal court had ruled, counsel answered: “I called. She said he was convicted. I just filed a notice of appeal when I found that out.” However, although the City of Crystal Springs, Mississippi (the City) acknowledged that the judge did retain the case “for quite sometime,” it informed the circuit judge of the January 14, 2009 conviction date, and the circuit court allowed the City to provide an abstract of the record the day after the trial.[1]
¶ 8. Under Rule 5.01 of the Uniform Rules of Circuit and County Court, all direct appeals from municipal court “shall be by trial de novo.” Thus, the circuit court may “require the filing of any supplemental pleadings to clarify the issues.” URCCC 5.07. We find no error in the circuit court’s decision to allow the City to submit the abstract of record to furnish Reeves’s date of conviction. Although Reeves notes that the appeal bond had a conviction date of February 11, 2009, this information is hearsay. Reeves admits that this date came from a phone conversation between the bail bondsman and the municipal clerk’s office, and he admits that the date given was not certain. As stated in his brief, “the Municipal Court Clerk intimated to the bail bondsman that the date of conviction was February 11, 2009.” (Emphasis added).
¶ 9. Reeves has not provided any evidence that the January 14, 2009 conviction date is incorrect; neither has Reeves addressed nor refuted the fact that the abstract of the record states he entered a plea nolo contendere. Although a letter to Reeves from his counsel states that a motion to dismiss was filed, this motion is absent from the record.
¶ 10. This Court has applied a strict standard when interpreting Rule 12.02. In Hill v. City of Wiggins, 984 So.2d 1086, 1089 (¶ 15) (Miss.Ct.App.2008), we affirmed a circuit court’s dismissal of an appeal since the defendant failed to post the requisite bond with his notice of appeal in a timely manner. See Riley v. Town of Lambert, 856 So.2d 721, 724 (¶ 11) (Miss. Ct.App.2003) (finding the circuit court’s dismissal of the appeal appropriate based on defendant’s “failure to comply with the *326 requirement that both a cost and appearance bond be posted”). Accordingly, we find no error in the circuit court’s finding that Reeves’s notice of appeal was not filed timely.
II. Whether the notice of appeal included a motion for enlargement of time.
¶ 11. Reeves further contends that his notice of appeal to the circuit court should have been considered a motion for enlargement of time. He argues that “[a]llowing a[c]ircuit [c]ourt trial to proceed on the merits was tantamount to the [c]ourt granting the enlargement, and the prosecution acquiescing thereto by not objecting.”
¶ 12. First, we cannot agree that the issue of the timeliness of Reeves’s appeal was waived. As this Court has stated: “It is fundamental that the parties cannot, by agreement or by waiver, confer jurisdiction where none exists as.a matter of law.” Draper v. City of Flowood, 736 So.2d 512, 513 (¶ 5) (Miss.Ct.App.1999) (overruled on other grounds) (citing Donald v. Reeves Transp. Co. of Calhoun, Ga., 538 So.2d 1191, 1194 (Miss.1989)).
¶ 13. Reeves cites Rule 4(g) of the Mississippi Rules of Appellate Procedure, which “allows the trial court to grant an extension of time for filing a notice of appeal if the appellant files a motion for extension within thirty days after the time for filing the notice of appeal otherwise expires.” Rigdon v. Miss. Farm Bureau Fed’n, 22 So.3d 321, 325 (¶ 10) (Miss.Ct.App.2009) (citing M.R.A.P 4(g)). The motion may only be granted “upon a showing of excusable neglect.” M.R.A.P. 4(g). Reeves contends that he was misled by the municipal court because he did not receive his notice of conviction until it was too late to file a timely appeal. Thus, he claims there was evidence of “excusable neglect.”
¶ 14. We agree with the City’s argument that Rule 4(g) is not applicable to appeals from municipal court to circuit court. Rule 1 of the Mississippi Rules of Appellate Procedure states that the rules “govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, and proceedings on petitions for writs or other relief which the Supreme Court or the Court of Appeals ... is empowered to grant.” As already stated, appeals from municipal court are governed by Rule 12.02 of the Uniform Rules of Circuit and County Court. There is no “excusable neglect” provision or condition for an extension applicable to that rule. While Rule 12.02(C) “provides for liberal amendments to allow a case to go to trial[,] ... this language only applies to an appeal that is timely perfected.” Hill, 984 So.2d at 1089 (¶ 14) (citing Riley, 856 So.2d at 725 (¶ 6)). While we acknowledge that this interpretation may result in a seemingly unfair dismissal of a case, this Court must interpret the rule as written. Modifications to the Uniform Rules of Circuit and County Court may only be made by the Mississippi Supreme Court.
¶ 15. Reeves also makes the argument that he has never received “actual notice” of the conviction. The record reflects that Reeves received a letter from the municipal clerk and that his attorney verified his conviction with the clerk’s office in February 2009. Further, as the abstract of the record showing Reeves’s conviction was made a part of the record, we find this claim without merit.
¶ 16. We find that even if Reeves’s notice of appeal was considered a motion for enlargement of time, the Uniform Rules of Circuit and County Court do not allow for such extension. This issue is without merit.
*327 III. Whether the dismissal of the appeal resulted in manifest injustice.
¶ 17. Reeves claims that the circumstances surrounding the administration of the Intoxilyzer test should have resulted in an acquittal. He states that law enforcement failed to observe him for at least fifteen minutes prior to the test, as required by law. See Miss.Code Ann. 68-11-5 (Rev.2004). Further, he says that the test was tainted as Reeves had removed tobacco from his mouth immediately prior to the administration of the test.
¶ 18. The Intoxilyzer report states that the “Time of Observation Start” was 5:58 a.m. The “Start Test Time” was 6:28 a.m. Reeves submitted two breath tests: one at 6:40 a.m. and another at 6:42 a.m. There was extensive discussion regarding the times submitted by the police officers administering the test. At the circuit court bench trial, Officer Cooper was asked by counsel for the City, as follows:
Q. Now at what point did you begin your observation of Mr. Reeves before the [I]ntoxilyzer test?
A. It would be at 5:58 when I came into the police station.
[[Image here]]
Q. What did you do to observe Mr. Reeves?
A. I brought — as he was coming in there, he threw his dip out, I asked him to come back with me to the [Ijntoxilyzer room where John Martin could run him on the [I]ntoxilyzer. And he stayed in my sifght] the whole time and never took anything else into his mouth.
[[Image here]]
Q. Did he take anything else by mouth prior to taking the [I]ntoxilyzer test?
A. No.
Q. And you said you had him continuously in your observation; is that correct?
A. Yes.
[[Image here]]
Q. And was there a full 15 to 20 minutes or longer time after your observation period started before he blew into the [I]ntoxilyzer?
A. There was.
Q. Did he take anything by mouth during that period of time?
A. No.
Officer Cooper stated unequivocally at the appeal hearing that he observed Reeves for the statutorily-required amount of time prior to Reeves’s submitting to the Intoxi-lyzer test. Although it was noted that Reeves did have tobacco in his mouth, the record reflects that he removed it more than fifteen minutes before submitting to the test.
¶ 19. Officer John Paul Martin, who was also present and who administered the Intoxilyzer test, testified that he observed Reeves personally for at least twenty minutes before administration of the test. But he later admitted that he did not really observe Reeves until he started the test, which according to the report submitted into evidence was only twelve minutes prior to Reeves’s blowing into the machine. However, we do not find this admission by Officer Martin implies that Reeves’s DUI conviction resulted in a manifest injustice. Officer Martin was present merely to assist Officer Cooper by administering the test. Officer Cooper stated that he began his observation of Reeves at 5:58 a.m. and that Reeves did not blow into the machine until 6:40 a.m., which constitutes forty-two minutes of observation. Reeves has not presented any evidence that Officer Cooper failed to observe him during this peri *328 od or that he took anything by mouth during this period.
¶ 20. To further his argument, Reeves also notes the testimonies of Officers Cooper and Martin that the Intoxilyzer machine’s clock was fifteen minutes slow, and he claims that Officer Cooper’s testimony is unreliable due to what Reeves perceives as discrepancies in the officer’s testimony. Officer Cooper explained that, if anything, the problem with the machine’s clock meant that Reeves was observed longer than the requisite observation time of fifteen minutes. Additionally, Officer Cooper testified as follows regarding his observation of Reeves:
Q. You testified on direct that it was 5:58 at that point.
A. That’s what the dispatcher had told me.
Q. And, in fact, that’s what you testified to at the preliminary-the trial?
A. That’s correct.
Q. The municipal court trial?
A. That’s correct.
Q. 5:58. Okay. Now, so your testimony is when you first got there, that’s when you talked to Officer Martin and went out and talked to Mr. Reeves?
A. That’s correct.
[[Image here]]
Q. And /all went into this other room where Officer Martin was?
A. That’s correct.
Q. And you testified that would have been about 6:00 at that point?
A. I believe it was 5:58, around 6:00 o’clock, that’s correct.
Q. And so when /all entered the room, did Officer Martin turn on the machine as you entered the room?
A. I can’t recall that. I don’t remember what — I was observing Mr. Reeves at that time. I washt paying attention to what John Paul was doing at that time.
[[Image here]]
Q. Now we know that we have discrepancies on the clock time, but from your own personal information, did Mr. Reeves take the intoxilyzer test and blow into the machine prior to you observing him for 20 minutes?
A. He did.
He did? &
Yes. <j
Q. You’re saying he blew before the twenty minutes?
A. Oh, no, not before 20 minutes. I’m sorry.
Q. Are you absolutely sure?
A. I am absolutely positive.
Q. And he was under your observation?
A. That’s correct.
Although there was some confusion regarding the time that Officer Cooper arrived at the accident scene, his testimony was consistent regarding the time that he started observation of Reeves while at the police station and during the Intoxilyzer test.
¶ 21. Thus, as there is no indication that the proper procedure was not followed in administering the Intoxilyzer test, we find this issue without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS AFFIRMED. ALL COSTS OF •THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS AND ROBERTS, JJ., CONCUR. MAXWELL, J., DISSENTS *329 WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., ISHEE AND CARLTON, JJ.

. Although the municipal court may have violated Rule 12.02(A)(3) by not providing this portion of the record within ten days after Reeves's notice of appeal, this Court has held that "the purely ministerial act of transmission of the record is not jurisdictional.” Pulido v. City of Oxford, 991 So.2d 1223, 1225 (¶ 7) (Miss.Ct.App.2008).