CARLTON, J.,
concurring in result only:
¶ 19. I concur with the result of the majority and find no need for a dissent. This Court has acknowledged that appellate courts may affirm a trial court’s decision on a different basis underlying the trial court’s decision. Riley v. Town of Lambert, 856 So.2d 721, 723 (¶ 11) (Miss. Ct.App.2003). The dissent takes issue with the majority opinion’s affirmance of the circuit court’s denial of Williams’s motion for post-conviction relief (PCR) on its merits. The dissent would instead vacate the circuit court’s judgment and remand the case to the circuit court to dismiss for lack of jurisdiction. Such a procedure constitutes a judicially inefficient disposition that reaches the same result. As the majority acknowledges, neither party raises an issue as to the circuit court’s lack of jurisdiction; hence, that issue is not briefed before this Court. The majority also notes that even if the circuit court lacked jurisdiction, the PCR motion still lacks merit. Nonetheless, if this Court wishes to dismiss on a basis not briefed or raised before this Court pertaining to a lack of jurisdiction, then we may request that the appellate record be supplemented or order additional briefing, if needed, to decide properly the case with accurate information, instead of relying on assumptions. To direct the circuit court to dismiss for lack of jurisdiction assumes that the collateral criminal case file fails to contain permission from the Mississippi Supreme Court for Williams to file a motion for PCR and assumes that the circuit court, thus, failed to ascertain jurisdiction. See Willie v. State, — So.3d -,- (¶ 8) (Miss.Ct.App.2011).[1]
¶ 20. The Mississippi Rule of Appellate Procedure 10 requires the parties to designate the content of the record. Rule 10 also specifies that the record shall consist of the designated papers and exhibits filed in the trial court, including the transcript of the proceedings, if any, and a certified copy of the clerk’s docket entries at the trial court. When filing a PCR motion, the motion is filed in a separate civil cause, even though the movant seeks relief from a sentence imposed for a criminal conviction. Often, the same documents that a movant designates for the record on appeal in a PCR case are also part of the record in the related criminal cause. Those documents, for whatever reason, might not appear in the appellate record even though they exist in the related file of the criminal cause. I submit that in such instances, this Court may direct supplementation of the record for missing documents or may request additional briefing prior to reaching a decision in a case.

. I note that this opinion is still subject to revision or withdrawal.