ROBERTS, J.,
for the Court:
¶ 1. The appellant, Greg Williams, was-convicted in justice court of misdemeanor home-repair fraud in violation of Mississippi Code Annotated section 97 — 23—103(5)(a) (Rev.2006). The issue on appeal is whether it was reversible error for the circuit court to have affirmed the county court’s dismissal of Williams’s appeal for failure to timely file a notice of appeal, cost bond, and appearance bond as required by Uniform Rule of Circuit and County Court 12.02.
¶ 2. Finding that the dismissal was proper, we affirm.
Facts and Procedural History
¶ 3. In December 2005, homeowner Roslyn Robertson and Williams entered into a contract for him to repair damage to her residence caused by Hurricane Katrina. On August 21, 2007, Robertson signed an affidavit alleging that Williams committed felony home-repair fraud against her in violation of Mississippi Code Annotated section 97-23-103. The district attorney’s office declined to prosecute the matter as a felony, and it was referred to the county prosecutor’s office. On February 9, 2009, the justice court approved the prosecutor’s handwritten amendment of the affidavit to *893 reduce it from a felony charge to a misdemeanor charge.[1]
¶ 4. Williams’s attorney sought and obtained continuances in March and June 2008. Trial was finally set for May 11, 2009, almost two years after the criminal affidavit. On May 9, 2009, Williams’s attorney moved again to postpone the trial. The motion alleged only that Williams’s counsel was unavailable on May 11, and said nothing about a federal subpoena served on Williams, as he later alleged in his July 8, 2009 motion for an out-of-time appeal. The motion to continue was denied and trial was held on May 11, 2009. Williams was not present, although his attorney was. Williams was found guilty and sentenced to serve six months in the county jail, but the sentence was suspended. He was placed on six months of reporting probation. The sentence further imposed a $500 fine, $145 in assessments, and $5,000 in restitution.
¶ 5. On June 4, 2009, Williams’s attorney faxed a notice of appeal to the circuit court clerk, without any bond. Williams did not submit a cost bond or an appeal bond as required by Rule 12.02.[2] In fact, his notice of appeal stated that it was filed “without supersedeas.” The appeal was not docketed.[3]
¶ 6. The first official docket entries in county court concerning this appeal were filed on July 8, 2009, some fifty-eight days after the conviction and sentence on May 11, 2009. These docket entries reflect, and the file contains, a notice of appeal and a motion for an out-of-time appeal filed that day.[4] The docket entries for July 9, 2009, reflect a $5,000 appearance bond by “A Sonshine Bail Bonds, Inc.” The appearance bond is defective for at least three reasons. The bond is returnable to justice court rather than to county court. A power of attorney authorizing “Robert Cohen” to sign bonds on behalf of A Sonshine Bail Bonds was filed, but the appearance bond was not signed by Cohen; it was instead signed by “Stacy Goodison.” Perhaps *894 most importantly, although there was a signature line for approval of the bond by either a judge or the clerk, the signature line is blank. As to the second bond required to perfect an appeal, there is no reference in the record to a cost bond at all. Only a docket entry indicates that a cash payment of $220 was tendered to the clerk by Williams’s attorney.
¶ 7. Williams fired and rehired his initial counsel several times after May 11, 2009, and placed a lien on his house. His counsel filed a motion to withdraw in August and was released by order of the court dated August 28, 2009. New counsel (currently representing Williams in this appeal) entered the case on November 12, 2009.
¶ 8. The county prosecutor moved to dismiss the appeal because it was not timely filed in compliance with Rule 12.02. A hearing was held on the motion to dismiss the appeal on November 18, 2009. Williams was represented by his present counsel. The county court dismissed the appeal as untimely under Rule 12.02 on December 7, 2009. In a letter sent to the parties dated December 7, 2009, explaining the ruling, the court noted that Rule 12.02 was controlling and that a “rule not enforced is not a rule.” The court expressed the view that Rule 12.02 was “mandatory, and in my judgment, jurisdictional.”
¶ 9. Williams filed a motion to reconsider, arguing that the court should exercise its discretion to overlook the late appeal and that he had received ineffective assistance of counsel regarding the late appeal. The county court denied the motion to reconsider on March 31, 2010.
¶ 10. Williams timely appealed to the circuit court. Following briefing by the parties and a hearing, the circuit court affirmed the dismissal of the appeal and remanded for execution of the sentence. Williams timely appealed the dismissal to this Court.
Discussion
¶ 11. Williams raises the following issues which we have recharacterized for clarity: (1) the justice court exceeded its jurisdiction by imposing a $5,000 fine; and (2) counsel was ineffective in failing to properly perfect the appeal, which entitles Williams to a discretionary out-of-time appeal.
¶ 12. Before we may consider Williams’s issues, we must first consider our jurisdiction to hear this appeal.
¶ 13. The Mississippi Supreme Court has sole authority for the adoption of rules of court. The Mississippi Rules of Appellate Procedure apply to appeals to the Mississippi Supreme Court and appeals it assigns to this Court. By enacting Rule 2(c), the Mississippi Supreme Court has permitted “suspension” of these appellate rules for “good cause” shown to the supreme court or this Court. M.R.A.P. 2(c).
¶ 14. The Mississippi Rules of Appellate Procedure do not govern appeals from justice or municipal courts to county or circuit court, however. Appeals from justice court are governed by Rule 12.02. This is a distinction we made clear in Reeves v. City of Crystal Springs, 54 So.3d 322 (Miss.Ct.App.2011). In Reeves, we rejected an argument that Rule 4(h) permitted the appellate court to excuse untimely notices of appeal based upon “excusable neglect.” M.R.A.P. 4(h). We stated:
We agree with the City’s argument that Rule 4(g) is not applicable to appeals from municipal court to circuit court. Rule 1 of the Mississippi Rules of Appellate Procedure states that the rules “govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, and proceedings on petitions for *895 writs or other relief which the Supreme Court or the Court of Appeals ... is empowered to grant.” As already stated, appeals from municipal court are governed by Rule 12.02 of the Uniform Rules of Circuit and County Court. There is no “excusable neglect” provision or condition for an extension applicable to that rule. While Rule 12.02(C) “provides for liberal amendments to allow a case to go to trial[,] ... this language only applies to an appeal that is timely perfected.” Hill [v. City of Wiggins], 984 So.2d [1086,] 1089 (¶ 14) [ (Miss.Ct.App.2008) ] (citing Riley [v. Town of Lambert ], 856 So.2d [721,] 725 (¶ 6) [ (Miss.Ct.App.2003) ]). While we acknowledge that this interpretation may result in. a seemingly unfair dismissal of a case, this Court must interpret the rule as written. Modifications to the Uniform Rules of Circuit and County Court may only be made by the Mississippi Supreme Court.
Reeves, 54 So.3d at 326 (¶ 14). We noted that “[t]his Court has applied a strict standard when interpreting Rule 12.02” and affirmed the dismissal of the untimely appeal from municipal court. Reeves, 54 So.3d at 325 (¶ 10) (citing Hill, 984 So.2d at 1089 (¶ 15); Riley, 856 So.2d at 724 (¶ 11)).
¶ 15. Rule 12.02 was adopted to address a very specific concern of the trial courts. If a convicted defendant did not appeal, immediate steps could be taken to enforce collection of whatever fines, assessments, or restitution were imposed. If an appeal was taken, however, no enforcement of the judgment was possible. An appeal of a misdemeanor conviction to the county court or circuit court was not, in the traditional sense, a true appeal to review errors made by the trial court. By statute, Mississippi Code Annotated section 99-35-1 (Rev.2007), as well as by Rule 12.02(C), a timely and properly perfected appeal stayed the lower court conviction and entitled the appellant to a “trial de novo.” No appeal “without supersedeas,” as was attempted by Williams, is permitted since trial de novo is required. If the appellant was acquitted in county or circuit court, no punishment, fines, or assessments could be lawfully imposed on him at all. Upon appeal, the appellant was again presumed innocent, and he was entitled to a trial anew, as if there were no prior conviction. On the other hand, if the appellant failed to appear before the appellate court for trial or his appeal was dismissed by the court, a mechanism — appearance and cost bonds — would be in place to help insure compliance with the lower court’s judgment of conviction. Such provisions promote the integrity of the criminal-justice system and discourage the county and circuit court dockets from effectively becoming boneyards for stale appealed misdemeanor convictions destined to eventually die a slow death on the docket.
¶ 16. The Mississippi Supreme Court adopted Rule 12.02, which does not provide for an exception to the thirty-day perfected-appeal deadline. Further, the Mississippi Supreme Court has not interpreted Rule 12.02 to contain a “suspension for good cause” component. Cases applying Rule 12.02 have consistently upheld the dismissal of untimely appeals.
¶ 17. For example, in Riley v. Town of Lambert, 856 So.2d 721 (Miss.Ct.App.2003), the defendant was convicted in municipal court. He filed a notice of appeal within thirty days but no cost bond was filed until two months after the conviction. Id. at 722 (¶ 6). The defendant did not file an appearance bond. Id. at 723 (¶ 8). This Court affirmed the circuit court’s dismissal of the appeal, noting, “We know of no case which permits the filing of the *896 required bonds past the thirty-day appeal time.” Id. at 725 (¶ 19).
¶ 18. In Spencer v. State, 880 So.2d 1044 (Miss.2004), the defendant was con-victéd in justice court and filed a timely notice of appeal. He did not file a cost bond with the notice of appeal, however.[5] Agreeing with and quoting extensively from Riley, the supreme court affirmed the circuit court’s dismissal of the appeal. Spencer, 880 So.2d at 1046-47 (¶¶ 8-9).
¶ 19. In Hill, 984 So.2d 1086, the defendant was convicted in municipal court. He filed a timely notice of appeal but posted neither an appearance bond nor a cost bond. On appeal after his appeal was dismissed for failure to comply with Rule 12.02, the defendant argued that his payment of all the fines imposed and a, $100 filing fee with his notice of appeal should be construed as posting the two required bonds. This Court disagreed and affirmed the dismissal of his appeal, noting that he had neither filed the required bonds nor a motion to correct that deficiency. Hill, 984 So.2d at 1089 (¶ 13).[6]
¶ 20. The most recent consideration of Rule 12.02 was our unanimous opinion in Ray v. State, 124 So.3d 80 (Miss.Ct.App.2013), cert. denied, 123 So.3d 450 (Miss.2013). In Ray, we considered the case of a defendant who had been convicted in justice court. The defendant filed a timely notice of appeal and a single “appeal bond.” Id. at 81 (¶ 2). On the county prosecutor’s motion, the appeal was dismissed for failure to comply with Rule 12.02. The county court dismissed the appeal, and the dismissal was affirmed by the circuit court. Ray, 124 So.3d at 81 (¶ 3). On appeal, the defendant argued that dismissing his appeal for filing one piece of paper, rather than two, was placing form over substance. Id. at 83 (¶ 12). We disagreed and detailed the two very different purposes served by the two bonds. Id. at 82-83 (¶¶ 7-12). We affirmed the dismissal of the appeal, noting: “Here, Ray’s failure to file an appearance bond was «not a mere technicality but a failure to comply with a substantive requirement of the rule necessary to stay the judgment from the justice court and vest the county court with appellate jurisdiction.” Id. at 83 (¶ 13).
¶ 21. The clear language of Rule 12.02, which this Court is not authorized to ignore or alter, requires dismissal of the appeal. The clerk properly refused to docket the June 4, 2009 notice of appeal because there were no simultaneously filed bonds as required by Rule 12.02(A)(1). When the notice of appeal was docketed on July 8, 2009, it was too late. In addition, only a defective appearance bond was then filed, and there is only a mere docket entry concerning receipt of $220 from Williams’s attorney, with no cost bond evident in the file.
¶ 22. The appeal was properly dismissed for lack of jurisdiction. Neither the county court, circuit court, or this Court in this appeal is empowered to consider issues relating to the amount of restitution or ineffective assistance of counsel.[7]
*897 ¶ 23. For the foregoing reasons, we affirm the dismissal of appeal and remand to the justice court for execution of the sentence.
¶ 24. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE APPEAL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ' MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.; BARNES AND JAMES, JJ., JOIN IN PART. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, J.

. The affidavit with the handwritten amendment and the justice court's acceptance of the amended affidavit are found in the record. The motion to amend was not made by an unknown party, as the dissent claims. In the hearing before the circuit court on Williams’s motion to allow an out-of-time appeal, the county prosecutor, Herman F. Cox, testified:
Judge, as you noted, when there was initially a felony affidavit^] ... the District Attorney's Office ... declined to handle it as a felony ... and sent it back to the justice court. And I as the county prosecutor review it, and that’s my handwriting on the affidavit where I moved to amend that to a misdemeanor home repair fraud case, and the judge in February of [2009] granted that amendment.

. Rule 12.02(A)(1) is entitled "Mandatory Bonds or Cash Deposits’’ and governs appeals from justice court to county court. A valid appeal requires:
filing simultaneously a written notice of appeal, and both a cost bond and an appear-anee bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and appearance bond or cash deposit perfects the appeal. The failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.
URCCC 12.02(A)(1).

. Rule 12.02(A)(1) provides, in part: “The clerk of the court shall not accept, file and docket the written notice of appeal without the accompanying cost bond and appearance bond or cash deposit, unless the court has allowed the defendant to proceed in forma pauperis.” (Emphasis added).

. The motion for an out-of-time appeal explained the late attempt to file a bond by alleging that Williams had “attempted, but was unable to find a bonding agency that would work with him."

. Prior,to its amendment in 2007, Rule 12.02 required the filing of only one bond.

. The opinion cited Riley, with approval, and analogized Hill’s situation with that in Riley in which there was no timely but deficient bond filed which could be corrected by a motion to amend. Hill, 984 So.2d at 1088 (¶ 11).

.We nonetheless note that the record is quite clear that the case was tried on the amended affidavit as a misdemeanor and that the restitution of $5,000 was proper under Mississippi Code Annotated section 99-37-3(1) (Rev. 2007).