# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01311-COA

**DONALD BROWN A/K/A DONALD J. BROWN**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/2019 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD BROWN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/06/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND SMITH, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. On or about January 11, 2019, Donald Brown was found guilty of DUI in the Justice Court of Tishomingo County, Mississippi. Having missed the thirty-day time period to file a written notice of appeal to circuit court, Brown filed a motion for an out-of-time appeal, which the Circuit Court denied. He now appeals. Finding no abuse of discretion, we affirm the circuit court's decision.

## STATEMENT OF THE FACTS

¶2. According to the circuit court, Brown was found guilty of a second DUI offense on

or about January 11, 2019, in the Justice Court of Tishomingo County.[1] On June 24, 2019, Brown filed a motion for an out-of-time appeal from justice court to circuit court, arguing that he was unable to make a timely appeal due to the disability of being restricted by suicide watch from January 18, 2019, through June 6, 2019. Notably, there is nothing in the record that attests to when his suicide watch began. Within his brief, Brown included an exhibit from Region IV Mental Health Services dated June 6, 2019, that stated, "Tishomingo County Sheriff's Department contacted the agency to complete a suicide risk assessment on Donald. Donald has been on suicide watch for awhile now." The report failed to mention when Brown was placed on suicide watch. Regardless, this Court bases its findings "only on facts shown in the record." *Brooks v. State*, 832 So. 2d 607, 609 (¶6) (Miss. Ct. App. 2002).

¶3.     The Circuit Court of Tishomingo County denied and dismissed the appeal, stating, "In order to perfect an appeal of this conviction, the Petitioner was required to file a written notice of appeal with the Tishomingo County Circuit Clerk within thirty days of the judgment. The Petitioner failed to do so." Brown now appeals.

**DISCUSSION**

¶4.     This Court conducts a de novo review on the issue of "whether a circuit court has jurisdiction to hear a particular matter[,] as it is a question of law." *Reeves v. City of Crystal*

---

[1] The date of the conviction is unclear. Although Brown contends, and the circuit court found, that Brown was convicted of a second DUI offense that is the basis of this appeal, the record does not reflect any judgment or documentation attesting to a prior DUI conviction.

*Springs*, 54 So. 3d 322, 324-25 (¶6) (Miss. Ct. App. 2011) (quoting *Raspberry v. City of Aberdeen*, 964 So. 2d 1211, 1213 (¶7) (Miss. Ct. App. 2007)).

¶5. Brown argues that the court erred by denying his motion for an out-of-time appeal because he was restricted by suicide watch from January 18, 2019, to June 6, 2019 (notably, with no documentation to attest to the starting date of the alleged restriction). Under the applicable procedural rule,

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court, to circuit court, by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit), as provided in Rules 29.3(a) and 29.4(a), with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment. This written notice of appeal and posting of the cost bond and the appearance bond (or cash deposit) perfects the appeal.

MRCrP 29.1.

¶6. According to the circuit court, Brown was convicted of a second DUI in the justice court. He then filed his motion for an out-of-time appeal in the circuit court, which justly denied his motion, finding no provision in Rule 29.1 or at law for extending the time period for appealing a conviction from justice court to circuit court. This Court in *Reeves* established that there is no "excusable neglect" provision or condition for an extension under Rule 29.1. *Reeves*, 54 So. 3d at 326 (¶14). This Court reiterated this holding in *Williams v. State*, stating,

> The Mississippi Rules of Appellate Procedure do not govern appeals from justice or municipal courts to county or circuit court, however. Appeals from justice court are governed by Rule 12.02. This is a distinction we made clear in *Reeves v. City of Crystal Springs*, 54 So. 3d 322 (Miss. Ct. App. 2011). In

3

*Reeves*, we rejected an argument that Rule 4(h) permitted the appellate court to excuse untimely notices of appeal based upon "excusable neglect."

*Williams v. State*, 155 So. 3d 892, 894 (¶14) (Miss. Ct. App. 2014).[2]

¶7. In *Williams*, the defendant was convicted in justice court of a misdemeanor home-repair fraud; he then appealed. *Id.* at 892 (¶1). The county court dismissed the appeal due to the appeal being filed fifty-eight days after the conviction and sentence. *Id.* at 893 (¶6). This Court affirmed, stating,

> While we acknowledge that this interpretation may result in a seemingly unfair dismissal of a case, this Court must interpret the rule as written. Modifications to the Uniform Rules of Circuit and County Court may only be made by the Mississippi Supreme Court. . . . An appeal of a misdemeanor conviction to the county court or circuit court was not, in the traditional sense, a true appeal to review errors made by the trial court. By statute, Mississippi Code Annotated section 99-35-1 (Rev. 2007), as well as by Rule 12.02(C), a timely and properly perfected appeal stayed the lower court conviction and entitled the appellant to a "trial de novo." . . . If the appellant was acquitted in county or circuit court, no punishment, fines, or assessments could be lawfully imposed on him at all. Upon appeal, the appellant was again presumed innocent, and he was entitled to a trial anew, as if there were no prior conviction.

*Id.* at 895 (¶¶14-15).

¶8. In the present case, Brown filed an appeal over five months after the judgment and sought to file an out-of-time appeal due to his being on suicide watch. There are no present exceptions that deem this untimely appeal from justice court to circuit court permissible.

---

[2] The Mississippi Rules of Criminal Procedure became effective on July 1, 2017, supplanting the former Uniform Circuit and County Court Rules. As a result, Criminal Rule 29.1 supplanted Uniform Circuit and County Court Rule 12.02. The text of the two rules is almost identical. Therefore, controlling authority addressing the language in Rule 12.02 can be extended to Rule 29.1.

Additionally, Brown has asserted that the provisions of Mississippi Rule of Appellate Procedure 4(f) apply to his case; however, in *Reeves* this Court held that Mississippi Rule of Appellate Procedure 4(g) was not applicable to appeals from municipal court to circuit court. *Reeves*, 54 So. 3d at 326 (¶14). Pursuant to *Reeves*, the same applies from justice court to circuit court.

¶9.     We find that the circuit court correctly denied Brown's motion for an out-of-time appeal because the appeal was not timely and filed outside the thirty-day period. Therefore, we affirm.

¶10.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**